The syllabus in No. 18246, Empire Gas & Fuel Co. et al. v. Lindersmith (this day decided), 131 Okla. 183, 268 Pac. 218, is adopted as the syllabus in this case.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by H. C. Odom against the Skelly Oil Company et al. Judgment for plaintiff, and defendants bring error. Affirmed.

J. J. Hedrick, Joe S. Dickerson, Womack & Brown, John Rogers, Blakeney & Ambrister, and Karl Griffith, for plaintiffs in error.

H. B. Lockett, for defendant in error.

CLARK, J. The same questions involved in this case were presented to this court in Empire Gas & Fuel Co. et al. v. Lindersmith, No. 18246, this day decided by this court. The same reasoning and the same rules of law applied in No. 18246, supra, apply in the case at bar.

Upon authority of Empire Gas & Fuel Co. v. Lindersmith, 131 Okla. 183, 268 Pac. 218, this case is affirmed.

Note.—See under (1) 37 C. J. p. 725, §44.

## EMPIRE GAS & FUEL CO. et al. v. LINDERSMITH.

No. 18246. Opinion Filed June 5. 1928.

(Syllabus.)

1. **Limitation of Actions—Two-Year Statute Applicable to Suit for Damages to Crops from Flow of Waste Oil and Salt Water.**

In an action to recover damages for destruction or injury to crops against an oil company or companies for negligently permitting waste oil and salt water to escape and flow upon the crops of plaintiff, the two-year statute of limitations applies.

2. **Same—Defendants Estopped from Asserting Statute by Inducing Plaintiff to Refrain from Suing.**

Where the defendants induced the plaintiff to refrain from bringing a suit by an agreement to arbitrate or settle the damages without suit, and the damaged party relies on said agreement until after his action is barred by the statute of limitations. the defendant will be estopped from asserting the statute of limitations as a defense to said action.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by W. M. Lindersmith against the Empire Gas & Fuel Company et al. Judgment for plaintiff, and defendants bring error. Affirmed.

Womack, Brown & Cund, John Rogers, G. C. Julian, J. J. Hedrick, and Blakeney & Ambrister, for plaintiffs in error.

H. B. Lockett, for defendant in error.

CLARK, J This action was commenced in the district court of Stephens county by defendant in error on' the 17th day of June, 1924, to recover damages from plaintiffs in error. Plaintiffs in error were oil companies producing oil in Stephens county along Dry creek.

Defendant in error alleged that plaintiffs in error permitted oil and salt water to escape into Dry creek and tributaries, and on occasions of heavy rains permitted the same to be washed upon the property used and occupied by the said defendant in error, destroying the crops of the defendant in error, and asking for damages. The damages in question in this case were occasioned by the overflow that occurred in May, 1922.

The defendants answered and pleaded the two-year statute of limitations. Defendant

in error filed a reply, in which he stated that plaintiffs in error had first agreed to have someone investigate the damages and settle; that later, on the 1st day of August, 1923, there was a meeting between representatives of defendant in error and plaintiffs in error, and plaintiffs in error requested the defendant in error and other claimants not to file any action against them for damages on their claims and that the plaintiffs in error would send out a man to investigate the character and amount of damages which the defendant in error and other claimants had sustained, and when the character and amount were determined, they would pay the same, and that defendant in error relied upon this representation, and delayed filing his action and such delay was brought about by such promise and agreement.

The cause was tried to a jury and resulted in a verdict for defendant in error. The court entered judgment thereon, and plaintiffs in error brought the cause here for review, making several assignments of error.

Plaintiffs in error contend that this cause is barred by the statute of limitations. Defendant in error admits that the statutory time for bringing this action had elapsed, but contends that by reason of the acts of plaintiffs in error they were estopped from asserting or relying upon the statute of limitations.

Plaintiffs in error, at page 25 of the brief, stated:

"If the court should hold that the plaintiff brought this action within the time or if his action came within any of the exceptions, then we admit for the purpose of this appeal that there is some evidence upon which the jury could have returned such a verdict, and under the numerous decisions from this court, if there is any evidence tending to support the verdict of the jury, this court will not reverse the judgment. Therefore, we will confine our discussion to the question of the statute of limitations."

This, the sole question presented by plaintiffs in error, will dispose of this cause on appeal.

The evidence disclosed that at the meeting in 1923 of representatives of plaintiffs in error and representatives of defendant in error and other claimants it was agreed to arbitrate the claims; that defendant in error and other claimants were to appoint one man; plaintiffs in error were to appoint a man, and that two men so selected should select a third, which should constitute the board of arbitration to assess the damages, if any. The defendant in error, together with other claimants, appointed a man. Plaintiffs in error made no appointment, and did nothing further to carry out the agreement. Later a suit was filed by defendant in error for recovery of the alleged damages.

Are plaintiffs in error estopped from relying on the statute of limitations as a defense?

In 17 R. C. L. 884, this rule is announced:

"A debtor has frequently been held to be estopped from relying on the statute as a defense where, by acts of a fraudulent character, he has misled the creditor and induced him to refrain from bringing suit within the statutory period. And if a defendant intentionally or negligently misleads a plaintiff by his misrepresentations, and causes him to delay suing until the statutory bar has fallen, the defendant will be estopped from pleading the statute of limitations. And the prevailing view seems to be that the doctrine of estoppel applies where the creditor, before the debt is barred, is lulled into security by the oral promise of the debtor that he will not avail himself of the statute of limitations, and suit is delayed by reason thereof. It is not necessary that the debtor should intend to mislead, but, if his declarations are such as are calculated to mislead the creditor, who acts upon them in good faith, an estoppel will be created."

In the case of Depuy v. Selby, 76 Okla. 307, 185 Pac. 107, this court held that the defendant was estopped from maintaining or asserting the statute of limitations as a defense.

This question was before the Supreme Court of the United States in Schroeder v. Young, 161 U. S. 334. In the body of the opinion it is said:

"The defendant relied mainly upon the fact that the statutory period of redemption was allowed to expire before this bill was filed, but the court below found in this connection that before the time had expired to redeem the property the plaintiff was told by the defendant Stephens that he would not be pushed, that the statutory time to redeem would not be insisted upon, and that the plaintiff believed and relied upon such assurance. Under such circumstances the courts have held with great unanimity that the purchaser is estopped to insist upon the statutory period, notwithstanding the assurances were not in writing and were made without consideration, upon the ground that the debtor was lulled into a false security." Citing a number of cases.

The Supreme Court of Kansas, in the case of Missouri, K. & T. Railway Co. v. Pratt. 85 Pac. 141, said:

"The grantee, concluding that the grantor

would eventually lose, insisted upon repayment of his money. The grantor, however, by assurance that his title would ultimately be established, and if not, that the money would be refunded, requested and induced the grantee to wait until the end of the litigation, which he did, relying upon such representations of the grantor. The matter was not fully ended until long after the statute of limitations had expired, within which a suit upon the covenant of warranty might have been brought. The grantee, soon after the final determination of the litigation, which was adverse to the grantor, brought suit upon the covenant of warranty in said conveyance. The grantor pleaded the statutes of limitations. Held, that the grantor is estopped from maintaining such defense."

This rule was announced by the Supreme Court of Arkansas in Baker-Matthews Mfg. Co. v. Grayling Lumber Co., 203 S. W. 1021. At page 1022 of the opinion the court said:

"The evidence is sufficient to justify the finding that appellant, in its negotiations with appellee looking to a settlement of the claim, wrongfully induced the agents of appellee to believe that an amicable adjustment of the claim would be made without suit, and that appellee was thereby induced to refrain from instituting an action in time to prevent the statute bar from attaching. It is a well-recognized principle in the law that a debtor may be estopped by his own conduct from setting up as a defense the statute of limitations, and this rule has often been applied where the debtor has misled the creditor and induced him to refrain from bringing an action within the statutory period."

The same rule was announced by the Supreme Court of Ohio in the case of Lessee of George N. Hunt v. Nathan Guilford. 4 Ohio, 311:

"An agreement to submit a question of boundary to arbitration defeats the operation of the statute of limitations."

This court, in the case of Waugh v. Guthrie Gas, Light, Fuel & Improvement Co., 37 Okla. 239, 131 Pac. 174, held fraudulent concealment constitutes an implied exception to the statute of limitations.

The Superior Court of Judicature of New Hampshire, in the case of Davis v. Dyer, 56 N. H. 143, announced this rule:

"* * * Arbitrators made an award which has been adjudged invalid by the court. In an action to recover the same indebtedness, which was presented to the referees and upon which their award was based, the defendants pleaded the statute of limitations. Held, that it was a question for the jury whether the plaintiff was induced not to commence a suit to recover his claim, during the time the matter was pending before the referees, by the defendants' agreement to refer, and abide and perform the award; and that, if this were so, the defendants are estopped from proving their plea."

In the case at bar the question of whether or not the defendant in error was lulled into a sense of security and preventing the filing of his suit before the bar of the statute of limitations by the representations and agreements of the plaintiffs in error, was a question of fact for the jury, and this question having been submitted to the jury upon proper instructions by the trial court, and there being competent evidence to support the verdict and finding of the jury, the same will not be disturbed on appeal. There was sufficient evidence offered to sustain the verdict of the jury. Finding no errors, the judgment of the trial court is affirmed.

MASON, V. C. J., and HARRISON, PHELPS, HUNT, LESTER, and RILEY, JJ., concur.

Note.—See under (2) 37 C. J. p. 725, §44; anno. 63 L. R. A. 203; 17 R. C. L. p. 884; 3 R. C. L. Supp. p. 744.