JOHNSON v. STATE.

*96 P. 2d 313.*

No. 28963.   Oct. 3, 1939.

Rehearing Denied Nov. 7, 1939.

Application for Leave to File Second Petition for Rehearing Denied Nov. 21, 1939.

H. A. Johnson, of Perry, for plaintiff in error.

Houston & Mikovsky (by Hal Houston), Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Ass't Atty. Gen., all of Oklahoma City, and Judson H. Pierce, Co. Atty., of Perry, for defendant in error.

DAVISON, J.   This proceeding in bastardy is presented on appeal from the county court of Noble county where, upon trial to a jury a verdict was returned and a judgment entered determining that H. A. Johnson (defendant in the trial court, plaintiff in error herein) is the father of a bastard child born to Carrie A. Meisinger on the 13th day of February, 1929, and ordering the defendant to contribute $6,840, payable in monthly installments, to the support of the child.

This is the second time the cause has been presented to this court. In Johnson v. State, 173 Okla. 508, 49 P. 2d 141, we reversed a prior judgment of the trial court adverse to the defendant on the theory that a general demurrer to the complaint should have been sustained by reason of the statute of limitations. We therein applied the rule that when a petition or complaint "shows clearly upon its face that more than the statutory period of limitations has elapsed, and there is no allegation in the petition which takes the cause out of the operation of the statute, a general demurrer is sufficient to raise the question and should be sustained." Following Impson v. State, 166 Okla. 246, 27 P. 2d 359, we held that a cause of action in bastardy is barred three years after the birth of the child, and that since allegations were not contained in the complaint which would remove the cause from the bar of the statute, a general demurrer to the complaint should have been sustained because it appeared upon the face of the complaint that more than three years elapsed after the birth of the child before the complaint was filed.

When the cause was remanded to the trial court under our former decision, an amended complaint was filed setting forth facts asserted to be sufficient to estop the defendant from relying upon the statute of limitations. The sufficiency of the amended complaint, as well as the evidence in support thereof, was challenged in the trial court. A demurrer to the amended complaint was filed by the defendant. It was overruled. Subsequently, on trial of the cause, the defendant demurred to the evidence offered by the plaintiff, and at the close of

all the evidence he moved for a directed verdict on the theory that the evidence was insufficient in view of the statute of limitations. Both demurrer and motion were overruled.

The cause was then submitted to the jury, under instructions which among other factors required it to determine as true the facts relied upon to constitute an estoppel before a decision adverse to the defendant could be rendered. The jury returned a verdict against the defendant, thereby, for the purpose of this review, establishing as true the facts relied upon to constitute an estoppel.

The several arguments of the defendant may be grouped and considered under the general question: Were the facts pleaded, proved, and relied upon by the plaintiff to constitute an estoppel sufficient as a matter of law for that purpose? A brief examination of the facts is essential to a determination of this question, but sordid details reflected by the record will not be reviewed in this opinion.

Sexual intimacy between Carrie A. Meisinger and the defendant was established by her testimony and admitted by the defendant. According to Mrs. Meisinger's testimony, she did not sustain a similar relation with any other man during the time preceding pregnancy. Her testimony in this respect was undisputed.

After the birth of the child the relationship between the parties became somewhat strained. However, according to the testimony of the plaintiff, the defendant recognized the child as his and contributed regularly, if not adequately, to its support. During a portion of the time he paid rent on premises occupied by Carrie A. Meisinger and her child. Subsequently, she was permitted by him to live in a house (the record title of which stood in the name of his half sister) without paying rent, the most of the furniture in the house belonged to the defendant. Intermittently, other contributions emanated from the defendant, such as payments for grocery bills and purchases of presents for the child. While the testimony of Carrie A. Meisinger is wanting in the clarity of expression that might be expected from one of brilliant mental attainment, it is apparent from its substance that she was induced to refrain from the institution of this proceeding to establish the paternity of the child by the foregoing conduct and promises of support by the defendant, being induced to believe that the defendant would voluntarily recognize and continue to discharge his obligation to support the child without the institution of legal proceedings. She was thus lulled into a feeling of security.

The defendant urges the legal insufficiency of the foregoing facts as pleaded and proved by the plaintiff to defeat his plea of the statute of limitations.

It is settled law in this jurisdiction that a defendant may, upon proper pleading and proof, be estopped to avail himself of the statute of limitations. Depuy v. Selby, 76 Okla. 307, 185 P. 107; Waugh v. Guthrie Gas, Fuel & Improvement Co., 37 Okla. 239, 131 P. 174; Empire Gas & Fuel Co. et al. v. Lindersmith, 131 Okla. 183, 268 P. 2d 218. See, also, 37 C. J. 725, par. 44, "Limitations of Actions." In 37 C. J. 725, it is said:

"* * * The prevailing rule is that the doctrine of equitable estoppel may in a proper case be invoked to prevent defendant from relying upon the statute of limitations, it being laid down as a general principle that, when a defendant electing to set up the statute of limitations has previously by deception or any violation of duty toward plaintiff, caused him to subject his claim to the statutory bar, he must be charged with having wrongfully obtained an advantage which the court will not allow him to hold. Thus defendant will be estopped to set up the statute of limitations in bar of plaintiff's claim when the delay which would otherwise give operation to the statute has been induced by *the promise or representation that the statutory bar would* not be interposed, or by inducing plaintiff to believe that an amicable adjustment of the claim will be made without suit. * * *" (Italics ours.)

The defendant urges that the doctrine of estoppel is not an effective impediment to his plea of the statute of limitations for the asserted reason that estoppel can only be based on misrepresentations as to facts past and present, as distinguished from promises or agreements concerning future conduct. The principle invoked is the general rule of estoppel, but it is not without its exceptions and limitations. The doctrine of promissory estoppel has obtained general recognition. Thus it is stated in 19 Am. Jur. p. 657:

"The broad rule stated in the preceding section to the effect that a promise to do or not to do something in the future does not work an estoppel must be qualified, since there are numerous cases in which an estoppel has been predicated on promises or assurances as to future conduct. The doctrine of 'promissory estoppel' is by no means new, although the name has been adopted only in comparatively recent years. According to that doctrine, an estoppel may arise from the making of a promise, even though without consideration, if it was intended that the promise should be relied upon, and in fact it was relied upon, and a refusal to enforce it would be virtually to sanction the perpetration of fraud or would result in other injustice."

The doctrine has received the approval of this court. Thus, in Empire Gas & Fuel Co. v. Lindersmith, supra, we held an agreement to arbitrate which induced delay in filing an action sufficient to estop the defendant therein from availing itself of the statute of limitations.

In this connection it may be noted that the defendant's conduct was not all promissory in character. He actually contributed materially to the support of his child as previously outlined in this opinion.

In view of the circumstances of this case, considered in the light of the foregoing authorities, we are of the opinion that estoppel is not rendered inapplicable to the case at bar by reason of the fact that delay in the institution of this proceeding was induced in part by promises as to future conduct as distinguished from misrepresentations as to present existing facts, and so hold.

The defendant also urges that, since in this jurisdiction, by virtue of section 1718, O. S. 1931 (10 Okla. St. Ann. § 71), this character of proceedings is maintainable in the name of the state, conduct toward the mother of the child is not available as the basis of estoppel. In support of this position, authorities are cited announcing the view that it is the party to litigation who must have been misled to his prejudice. It is argued in substance that, since the action is maintained in the name of the state, the mother is a mere interested bystander. The argument is fallacious because it is based upon a misconception of the true position of the mother in the proceeding. Although not a nominal party plaintiff, she is regarded as one primarily and beneficially interested. As the matter is stated in 7 Am. Jur. p. 684:

"* * * In jurisdictions where the proceedings are looked upon as civil in their nature, statutes often require that they shall be brought in the name of the state. In such cases, however, the proceedings are designed primarily to enable the injured woman to recover compensation from the person who has in the eye of the law inflicted injury upon her with consequent damages; or are for her benefit and protection, to enforce the father's natural obligations to support his child. And whether his liability is founded upon a tort or upon a natural obligation, irrespective of blame, it is a liability primarily to the mother, *and the remedy is given for her benefit*." (Italics ours.)

We are therefore of the opinion that the mother's connection with and interest in the proceeding is of such a nature that conduct by the defendant toward her may constitute the basis of estoppel. We so hold.

It is also urged by the defendant that, since under our statute, section 1718, O. S. 1931, supra, any person may institute the proceedings, conduct on his part could not constitute the basis of estoppel unless made to all of those who might complain. This argument is legally unsound, because, like the preceding argu-

ment, it ignores the paramount interest of the mother in the litigation. Viewed from a practical standpoint, it involves an absurdity, since fathers of children born out of wedlock would rarely if ever go about assuring the world in general of their good intentions toward their offspring and thus advertise their acts of indiscretion.

The defendant also complains of the instructions of the trial court. He asserts in substance that his promises to support the child should have constituted a defense to the proceeding, if the jury should have found that he intended to keep them, and that the court should have, without request, instructed on this theory. He states:

"Had all the allegations of the amended complaint been submitted to the jury, they might have come to the conclusion that the defendant had fairly kept the alleged promises, and that the complaining witness had not acted in good faith and had not kept her implied agreement to accept such assistance as consideration for 'refraining' and delaying making complaint. That it would seem that she was not acting in good faith in finally making the complaint."

No authorities are cited in support of this argument, and since its soundness is not apparent without further research, it does not warrant further consideration. Drum-Standish Commission Co. v. First National Bank & Trust Co. of Oklahoma City, 168 Okla. 400, 31 P. 2d 843.

The question of whether the defendant conducted himself in the manner relied upon by the plaintiff to constitute estoppel was one of fact for the jury. The evidence being legally sufficient, the verdict of the jury is conclusive on this appeal. Empire Gas & Fuel Co. v. Lindersmith, supra.

After a careful review of the record, we are of the opinion that the judgment of the trial court was proper, and that the proceedings before it were free from prejudicial error. Our decision is, therefore, one of affirmance.

BAYLESS, C. J., and CORN, HURST, and DANNER, JJ., concur.