Ruby HUMPHREYS, Administratrix of the Estate of William Orvie Humphreys, Deceased, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16305.

United States Court of Appeals Ninth Circuit.

Oct. 21, 1959.

Spitzberg, Bonner, Mitchell & Hays, Little Rock, Ark., Luvaas, Cobb & Richards, Eugene, Or., for appellant.

C. E. Luckey, U. S. Atty., Robert R. Carney, Asst. U. S. Atty., Portland, Or., for appellee.

Before HEALY and HAMLEY, Circuit Judges, and BOWEN, District Judge.

HEALY, Circuit Judge.

In July of 1957 plaintiff brought suit in the District of Oregon against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., asserting damages suffered because of the death of her husband on May 24, 1956, while attempting to rescue his brother from a well at Cove Mountain Lookout, Arkansas. Plaintiff alleged that the death of her husband was proximately caused by the negligence of the Government's agent at the Mountain; hence the United States was liable to her for damages under the Act.

The Government answered the complaint in October 1957 claiming improper venue as a first defense and denying negligence on the part of its agent as a second defense.

Prior to the taking of any further action in the case, plaintiff on March 26, 1958, moved to dismiss the action without prejudice to either party pursuant to Rule 41(a) (2) of the Federal Rules of

Civil Procedure, 28 U.S.C.A. In her motion she stated that it was her intention to refile her suit in Arkansas for the convenience of the parties and witnesses. The court granted her motion and issued an order accordingly.

Thereafter plaintiff's attorneys failed to bring suit in the Arkansas District until three days subsequent to the running of the two-year statute of limitations provided by the Tort Claims Act. See 28 U.S.C.A. § 2401. Thereupon plaintiff appeared once more in the District Court in Oregon and moved to set aside its order dismissing the suit without prejudice and to direct its reinstatement. The District Court denied petitioner's motion, and she appeals.

Petitioner's sole argument is that the District Court abused its discretion in denying her motion for reinstatement. She contends that the ends of justice are only defeated by failing to allow reinstatement. The United States defends upon several grounds, only one of which need be mentioned. The Government contends that under the Federal Tort Claims Act the District Court has no jurisdiction to reinstate the dismissed action.

In the instant case, the motion to set aside dismissal is raised at a time when the statute of limitations on the cause of action has expired. Because this cause of action is a suit in tort against the United States, the expiration of the statute of limitations is fatal to petitioner's argument. Two principles of law would appear to dictate this conclusion: First, a suit dismissed without prejudice pursuant to Rule 41(a) (2) leaves the situation the same as if the suit had never been brought in the first place.[1] A. B. Dick Co. v. Marr, 2 Cir., 1952, 197 F.2d 498, 502; Maryland Cas-

ualty Co. v. Latham, 5 Cir., 1930, 41 F.2d 312, 313. And, secondly, in a suit against the sovereign, there must be a waiver of immunity; but no waiver exists under 28 U.S.C.A. § 1346 once the two-year period of limitations has run. Thus, after the two-year period the District Court has no jurisdiction over the action. See Edwards v. United States, 9 Cir., 1947, 163 F.2d 268.

Petitioner is obliged to suffer due to the error of her attorneys.

Affirmed.

---

[1]. The effect upon the statute of limitations of a dismissal without prejudice has been briefly stated in 34 Am.Jur., Limitation of Actions, § 281, as follows: "In the absence of statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him and if, before he commences a new action after having become nonsuited or having had his action abated or dismissed, the limitation runs, the right to a new action is barred."