Clyde D. COVEY, a minor, by and through his father and next friend, Wesley H. Covey, Plaintiff,

v.

C. I. T. CORPORATION, a New York Corporation, et al., Defendants.

Bill R. CONWAY, Plaintiff,

v.

C. I. T. CORPORATION, a New York Corporation, et al., Defendants.

Nos. CIV–71–124, CIV–73–65.

United States District Court, E. D. Oklahoma.

Dec. 17, 1975.

---

Don Manners, Oklahoma City, Okl., for plaintiffs.

David C. Johnston, Jr., and Gary M. Chubbuck, Oklahoma City, Okl., for C. I. T. Corp. and Capitol International Airways, Inc.

Paul McBride, Tulsa, Okl., for Bendix Corp. and Hydro-Aire Corp.

## MEMORANDUM OPINION AND ORDER

BOHANON, District Judge.

This matter came on before the Court on December 12, 1975, on plaintiffs' Motions to Vacate Orders of Dismissal. The Orders sought to be vacated were entered by Judges Langley and Eubanks on December 19, 1972, upon plaintiffs' Applications for Dismissal as to C.I.T. Corporation and Capital International Airways, Inc. The Applications for Dismissal stated:

"Comes now the plaintiff and moves the Court for an Order of Dismissal Without Prejudice as against the defendants, C.I.T. Corporation, a corporation, and Capital International Airways, Inc. a corporation, only, and at cost to plaintiff, for the reason that all claims against the defendants, C.I.T. Corporation, a corporation, and Capital International Airways, Inc. a corporation, have been satisfied."

The Orders of Dismissal stated:

"Now on this 19th day of December, upon the application of plaintiff . . . for Order of Dismissal Without Prejudice as against the defendants, C.I.T. Corporation, a corporation, and Capital International Airways, Inc., a corporation, and for good cause shown. (sic)

IT IS HEREBY ORDERED that the Complaint of the plaintiff as against the defendants, C.I.T. Corporation, a corporation, and Capital International Airways, Inc., a corporation, be and the same is hereby dismissed without prejudice and at cost to plaintiff."

These actions arise out of certain undisputed facts. In essence, the plaintiffs' tort cases arise from an airplane crash which occurred on November 27, 1970. Both plaintiffs, members of the Armed Services, were aboard a DC–8 jetliner which was carrying 229 persons to Viet-Nam, by way of Anchorage, Alaska, and Japan. In take-off from Anchorage, the plane crashed and 47 of the passengers were killed. Both plaintiffs suffered injury, Conway bringing suit for $700,000 and Covey for $1,500,000.

Initially, nine parties were named defendants, the Complaint charging them primarily with negligence and breach of warranty. The C.I.T. Corporation was lessor to Capital Airways of the DC–8 which crashed, Capital being the operator of the aircraft. All defendants filed Answers, C.I.T. and Capital separately answering and alleging, inter alia, that the flight in question was being operated as a flight in international transportation, originating in the United States and terminating in the Republic of South Viet-Nam, and that the rights and liabilities in suit were to be determined solely in accordance with the provisions of the Warsaw Convention of 1929, the Hague Amendments of 1955 and the Intercarrier Agreement CAB No. 18900 (The Montreal Agreement). Arguably, the agreements cited would have the effect of limiting liability to $75,000.

Because of the issue of applicability of the cited Agreements, the claims were compromised and thus brought about the above-quoted Applications for, and Orders of Dismissal, dismissing without prejudice.

On February 3, 1975, each plaintiff filed Motion to Add Additional Parties Defendant and to file Amended Complaints. The Motion requested that C.I.T. and Capital be reinstated as parties defendant for reason that, ". . . on January 17, 1975, it was discovered that the aforesaid settlement was induced by misrepresentations of both fact and law as evidenced by the Affidavits . . . and a letter from John Adler, Attorney at Law . . . .."

The Motions of C.I.T. and Capital to Dismiss the aforesaid Amended Complaints were overruled. Thereafter, plaintiffs filed Motions to Vacate the Orders of Dismissal pursuant to Rule 60(b) Federal Rules of Civil Procedure and cited as grounds for relief mistake of fact, fraud and misrepresentation by an adverse party. Plaintiffs and proposed defendants then submitted Replies and Responses with briefs, all relating to the propriety of vacating the dismissal under the authority of Rule 60(b).

Upon hearing argument, the Court reviewed the pleadings, briefs and relevant authorities and has concluded that Rule 60(b) is not controlling as to the issue of whether C.I.T. and Capital may be properly made parties defendant after the dismissals.

■ Rule 60(b) grants authority, in the proper circumstances, to the District Court to grant relief from a final judgment, order or proceeding. The posture of these cases is such that the dismissal without prejudice of plaintiffs' Complaints, upon plaintiffs' Motions, was effected by an interlocutory rather than final order. As interlocutory orders, the Orders of Dismissal are, under the doctrine of *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475 (1922), subject to the plenary power of the Court. An examination of Rules 41(a)(2), 54(b) and 60(b) requires this conclusion.

In 5 Moore's Federal Practice ¶ 41.05[2] (2 ed. 1964) it is stated:

"A dismissal without prejudice leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought [citing, inter alia, *Humphreys v. U. S.*, 272 F.2d 411 (C.A. 9, 1959)] . . . . The district court should not, therefore, set aside a judgment of dismissal without prejudice, for the purpose of reinstating the action . . . . Seemingly, this proposition is subject to the provisions of Rule 60(b), for relief from a judgment, if the plaintiff can bring himself within any of its provisions."

On the arguments made, it appears at this time that plaintiffs cannot bring themselves within the final order requirement of Rule 60(b), thus plaintiffs bear the substantial burden of showing that the proper circumstances exist for the Court to set aside an order of dismissal without prejudice based on the Court's equitable power hereinafter referred to.

■ An additional factor is the general proposition that where the District Court allows the plaintiff to dismiss his action without prejudice under Rule 41(a)(2), the Court has exercised its discretion and a final judgment results which qualifies the cause for appeal. One limitation upon such a general proposition is, however, that the plaintiff normally may not appeal such an order as the order does not constitute an involuntary adverse judgment, *Scholl v. Felmont Oil Corp.*, 327 F.2d 697 (C.A. 6, 1964). Such an order may be appealed by defendant if he has resisted the Motion to Dismiss, *American Cyanamid Co. v. McGhee*, 317 F.2d 295 (C.A. 5, 1963). As the instant Orders were predicated on settlement of claims, the Motions to Dismiss were not resisted. Thus, as a practical matter the Orders were not appealable, although a determination of appealability is not commensurate with a determination of finality.

The conclusion that the Dismissal Orders were final, although not appealable is prevented by the operation of Rule 54(b). When these causes were filed, nine entities were named as parties defendant, of which

C.I.T. and Capital were the first two. Where multiple parties plaintiff or defendant are before the Court, the effect of Rule 54(b) may be to make non-final an order that might otherwise be considered final, *Coulter v. Sears, Roebuck & Co.*, 411 F.2d 1189 (C.A. 5, 1969), unless a Rule 54(b) certificate has issued from the Court.

■ An adjudication upon a Rule 41(a)(2) Motion as to less than all of the multiple parties, is interlocutory and subject to revision until the date of adjudication of the remaining claims or parties. In the absence of an express determination and the Court's direction of entry of judgment, such an order is not subject to the restrictive provisions of Rule 60(b). *Republic of China v. American Express Co.*, 190 F.2d 334 (C.A. 2, 1951); 6A Moore's Federal Practice ¶ 60.03[4] (2 ed. 1964). Accordingly, this Order is also interlocutory.

■ In attempting to prevent further delay of these cases, the Court takes note of the fact that at previous pretrials a further issue has been raised; namely, that of the statute of limitations on the underlying tort action having run prior to the Dismissal Orders; i. e. from November 27, 1970, the date of the accident, until November 27, 1972, the limitation period being two years. While in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending, *Humphreys v. United States, supra*, the law of the State of Oklahoma is such that if fraud as alleged is found to exist, defendants would be estopped to raise the bar imposed by the statute of limitations.

In *Smith v. Westgate Oil Co.*, 175 Okl. 573, 53 P.2d 1090 (1936) the Oklahoma Supreme Court remarked in the syllabus to the case:

"Any agreement, contract, or arrangement between litigants or any conduct of the one seeking affirmative relief, done at the instance and procurement of his adversary which deprived such litigant of his asserted right against his adversary,

constitutes a settlement or compromise of his cause of action or claim . . . ."

If fraud is utilized to bring about dismissal of suit through compromise or "deprivation of a right," or plaintiff is induced to forego his suit on the strength of the adverse party's inducements, then the defendant may be estopped to avail himself of the statute of limitations, *Empire Gas & Fuel Co. v. Lindersmith*, 131 Okl. 183, 268 P. 218 (1928); *Johnson v. State*, 186 Okl. 80, 96 P.2d 313 (1939). There is some authority that settlement negotiations may toll the statute, *Empire Gas, supra; cf. Magnolia Petroleum Co. v. Houston,* 156 Okl. 152, 9 P.2d 915 (1932); *cf. Taylor v. Harmon*, 120 Okl. 145, 250 P. 887 (1926). The averments of fraud are sufficient in this instance to raise such an estoppel and satisfy the substantial burden of presenting proper circumstances under which an order of dismissal may be set aside.

■ Because there has been no adjudication upon the merits as to the seven other original defendants, the Court has determined that an independent action against these two defendants would not serve the ends of justice. Thus, the allegations of fraud applied to the authorities mandate that Capital and C.I.T. be reinstated as parties defendant. Reinstating Capital and C.I.T., as an exercise of inherently equitable powers stemming from the Court's plenary power over interlocutory orders, represents the most efficacious and equitable means of trying issues of fraud which would otherwise be matters triable to the jury. In determining that the matter is to be so tried, the Court expresses its willingness to try these cases upon the pleadings inclusive of fraud allegations or, upon request of either party, to hold a further pretrial conference, whichever course prevents unnecessary delay and the hindrance of justice.

Based on the authorities cited above, if fraud is found by the jury, such fraud having occurred prior to November 27, 1972, the tort statute of limitations may not be asserted by C.I.T. Corporation and Capital. If fraud is not found, plaintiffs' tort claims are barred by time limitations and the com-

promise reflected in the Orders of Dismissal filed December 19, 1972. Based on the preceding,

IT IS, THEREFORE, THE ORDER OF THE COURT that C.I.T. Corporation and Capital International Airways, Inc. be reinstated as parties defendant in the above-styled cases.