**William David CURTIS, Appellee,**

v.

**UNITED TRANSPORTATION UNION, Appellee,**

**St. Louis San Francisco Railway Company, Appellant.**

No. 80–1288.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1981.

Decided May 12, 1981.

5.      Algebraically:

$$\text{expenses deductible from compensation} = \frac{\text{total compensation paid by the employer to the employee}}{\text{total damages in wrongful death action}} \times \text{total expenses of wrongful death action}$$

Stephen M. Reasoner, Jonesboro, Ark., for appellant.

Thomas A. Woodall, Birmingham, Ala., for United Transp. Union.

H. David Blair, Batesville, Ark., for appellee.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellee William David Curtis brought suit against appellee United Transportation Union (U.T.U.) for breach of its duty of fair representation and against appellant St. Louis San Francisco Railway (the Frisco) for breach of the collective bargaining agreement. After the Frisco filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), Curtis elected to nonsuit the Frisco pursuant to Fed.R.Civ.P. 41(a). The district court[1] entered an order dismissing the Frisco from the suit. The court later found for the plaintiff, but, when fashioning the remedy, determined that the Frisco was an indispensible party. The court vacated its earlier order dismissing the complaint as to the Frisco and reinstated the Frisco as a defendant in this case. *See Curtis v. United Transportation Union*, 486 F.Supp. 966, 982 (E.D.Ark.1979). The Frisco sought and was granted leave, pursuant to 28 U.S.C. § 1292(b), to appeal the issue of whether the court may properly bring the Frisco back into the case. We reverse.

Appellee William David Curtis was employed as a brakeman by the Frisco. He was also a member of U.T.U. On March 30, 1972, Curtis underwent surgery to correct arteriovenous intracranial malformation. Curtis notified the Frisco that he was physically able to return on September 1, 1972, but the Frisco refused to allow Curtis to return to work. At Curtis' request, U.T.U. initiated proceedings against the Frisco for reinstatement and back pay before the Regional Board of the National Railroad Adjustment Board. The Regional Board denied Curtis his relief on October 1, 1975. On June 1, 1976, Curtis filed suit against U.T.U. and the Frisco. His suit against the U.T.U. was based on breach of its duty of fair representation because it allegedly handled the claim before the Board in a perfunctory fashion. His suit against the Frisco was based on breach of the collective bargaining agreement. Curtis alleged the Frisco discharged him without cause through its refusal to allow him to return to work even though he was ready, willing and able to do so. Curtis also sought to have the Board's findings set aside because of a failure to give Curtis notice of the hearing and to inform him of his right to counsel. Curtis further claimed the Board's decision was arbitrary because it was not decided according to a preponderance of the evidence.

Before trial, the Frisco filed a motion to dismiss under Fed.R.Civ.P. 12(b). Curtis then chose to nonsuit the Frisco. On May 22, 1978, the district court entered an order granting Curtis' motion dismissing his complaint against the Frisco without prejudice pursuant to Fed.R.Civ.P. 41(a)(2).

After a trial to the court, on February 12, 1979, the district court concluded the U.T.U. had failed to provide adequate representation to Curtis. In a memorandum and order entered September 6, 1979, the court held that the case should be remanded to the public law board but that Curtis could not be made whole without the Frisco as a party. *Curtis v. United Transportation Union, supra*, 486 F.Supp. at 970–72. It also found that the statute of limitations had run. The court further held that the Frisco

---

1. The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for the    Eastern District of Arkansas.

was an indispensible party, the May 22, 1978 order dismissing the defendant should be set aside, *Id.* at 973–75, and that the court could bring the Frisco back into the case pursuant to Rule 54(b). *Id.* at 975–77.

On March 3, 1980, the court entered an order vacating the May 22, 1978 order and reinstated the Frisco as a defendant in the case. The court certified certain issues as appropriate for immediate appeal pursuant to 28 U.S.C. § 1292(b). The three issues certified for appeal were as follows: (1) whether on the basis of the facts found by the district court, the district court could conclude the union breached its duty of fair representation; (2) whether the district court may properly bring the Frisco back into the case; and (3) if the Frisco may be brought into the case, whether a new trial was necessary. *See* 486 F.Supp. at 983. The Frisco sought and was granted leave to appeal only the second issue.

Appellants argue that it is a well-established rule that upon the entry of a voluntary dismissal without prejudice the court treats an action as if suit had never been filed. The statute of limitations runs as if no action had been filed.

> A dismissal without prejudice leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought. In the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending. The district court should not, therefore, set aside a judgment of dismissal without prejudice, for the purposes of reinstating the action, after the statute of limitations on the claim has run.

5 Moore's Fed.Practice § 41.05[2] (footnotes omitted). *See In Re Piper Aircraft Distribution System v. Piper Aircraft Corp.,* 551 F.2d 213, 219 (8th Cir. 1977); *Moore v. St. Louis Music Supply Co.,* 539 F.2d 1191, 1194 (8th Cir. 1976); *Bomer v. Ribicoff,* 304 F.2d 427, 428–29 (6th Cir. 1962); *Humphreys v. United States,* 272 F.2d 411, 412 (9th Cir. 1959).

The issue, therefore, facing this court is whether Fed.R.Civ.P. 54(b) changes the ordinary rule and allows this dismissal to toll the statute of limitations. Rule 54(b) provides:

> *Judgment upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Appellees argue that Rule 54(b) tolls the statute of limitations because this order dismissing the Frisco was not made a final order under Rule 54(b). Appellees argue that this was not a final order as defined in Rule 54(b) because the action was dispositive as to the Frisco but it was not dispositive as to the rights of all the parties and the district court did not make an express ruling that this was a final order. This was essentially the finding of the district court. It said:

> The law is well settled that, in the absence of an express determination that there is no just reason for delay and an express direction for the entry of judgment, an order dismissing some but not all of the defendants in a multi-party case is an interlocutory, rather than a final, order. [Citations omitted.] The order is subject to revision at any time prior to the entry of final judgment.

*Curtis v. United Transportation Union, supra*, 486 F.Supp. at 976.

Appellants argue that Rule 54(b) is not controlling. Rather, they claim that Rule 41(a)(2) controls, which provides for voluntary dismissal, at plaintiff's insistence, by order of the court. In *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976), the court observed:

> "Where the trial court allows the plaintiff to dismiss his action without prejudice, the judgment, of course, qualifies as a final judgment for purposes of appeal. Ordinarily, though, plaintiff cannot appeal therefrom, since it does not qualify as an involuntary adverse judgment so far as the plaintiff is concerned." 5 Moore's Federal Practice ¶ 41.05[3], at 1068 (2d ed. 1975), *citing Scholl v. Felmont Oil Corp.*, 327 F.2d 697, 700–701 (6th Cir. 1964); *accord*, 9 Wright & Miller, *Federal Practice & Procedure: Civil* § 2376, at 247 (1971). This can easily be understood since the plaintiff has acquired that which he sought, the dismissal of his action and the right to bring a later suit on the same cause of action, without adjudication of the merits. The effect of this type of dismissal is to put the plaintiff in a legal position as if he had never brought the first suit. *Maryland Casualty Co. v. Latham*, 41 F.2d 312, 313 (5th Cir. 1930); *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959).

Appellant argues that Rule 54(b) does not change this rule because it only applies to actions that *adjudicate* rights and a voluntary dismissal without prejudice is not an adjudication within the contemplation of the statute.

It is our view that Rule 54(b) does not provide an exception in this case to the rule that the entry of a voluntary dismissal without prejudice leaves the action as if suit had never been brought for purposes of the statute of limitations. At first glance, Rule 54(b) would seem to create an exception to the usual rule regarding the operation of the statute of limitations on voluntary dismissals without prejudice. Rule 54(b)'s language broadly states, "any order or other form of decision" can be set aside prior to a "judgment adjudicating all the claims and the rights and liabilities of all the parties." However, the breadth of the rule that a Rule 41(a) dismissal without prejudice leaves the parties as if no suit had been brought is simply too strong and firmly based in the purposes behind the statute of limitations for us to hold that Rule 54(b) would make such a dismissal into a nonfinal order and in effect toll the statute of limitations. We must remember that this was a *voluntary* dismissal. The plaintiff himself had decided to drop the suit. There was no "adjudication" of rights as contemplated by Rule 54(b). It was merely a decision by plaintiff to remove a party from the suit. There is no reason to distinguish such a case from one in which the action had never been brought.

Because the district court has already made a finding that the statute of limitations has run in this case and because this question has not been certified for appeal to us, we hold the district court improperly set aside its earlier order vacating the complaint as to the Frisco and reinstating the Frisco as a defendant in this case.[2] We therefore reverse the district court.

---

2. Our holding today leaves open the question of whether the district court could have set aside its earlier order if the statute of limitations had not run. In spite of the fact that such an order would not constitute an adjudication under the rule set forth in the present opinion, different issues might be involved because the injury to a party who is still subject to a lawsuit could be minor and the necessity of returning a party to a suit could be great. *See Covey v. C.I.T. Corp.*, 71 F.R.D. 487, 491 (E.D.Okla.1975). (In this case, plaintiff requested that former defendants be reinstated as parties defendant because plaintiff's previous dismissal without prejudice had been induced by fraud.) Therefore, we refrain from creating a rule in this area until we are faced with the specific fact situation of such a case.