815 F.2d 78
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack HRIBAR, Plaintiff-Appellant,
v.
TRW, INC., Defendant-Appellee.
 No. 85-4016.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1987.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff-appellant Jack J. Hribar ("appellant") appealed the district court's order granting TRW's motion to dismiss the appellant's case, with prejudice, for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.
 
 
 2
 The appellant had been an hourly employee of TRW from 1949 to 1966. During that period he was a member of the Aircraft Workers Alliance ("AWA") which represented all hourly, non-supervisory employees at TRW's Greater Cleveland facilities. Thereafter, from 1966 until his resignation in 1979, except for a one-and-a-half year hiatus, the appellant was with TRW as a salaried employee. He commenced this action on March 11, 1982 by filing a complaint in the Court of Common Pleas for Cuyahoga County, Ohio, alleging breach of contract and misrepresentation claims against TRW. These claims stemmed from his attempt to retire under the TRW hourly pension plan rather then under the TRW salaried pension plan, asserting that he had the right to do so pursuant to his employment contract or alternatively because agents of TRW stated that he was entitled to such an option. TRW removed the action to the district court on April 19, 1982, alleging original jurisdiction under the Labor Management Relations Act, 29 U.S.C. Sec. 185, and the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sec. 1132 ("ERISA").
 
 
 3
 Following discovery, the district court notified the parties of a final pretrial hearing scheduled for December 13, 1983. Prior to that hearing, the parties engaged in a series of settlement discussions which ultimately produced a settlement offer by TRW dated November 10, 1983. The appellant thereupon notified the district court of the proposed settlement agreement, and on December 22, 1983, the district court dismissed the case, without prejudice, retaining "complete jurisdiction to vacate [the dismissal] and to reopen the action upon cause shown that settlement has not been completed and further litigation is necessary."
 
 
 4
 In February, 1984, TRW dispatched a revised proposal to the appellant. On June 14, 1984, the appellant requested additional information from TRW. In a June 26, 1984 letter, TRW invited the appellant to present further questions concerning the proposed settlement agreement. By letter dated November 29, 1984, the appellant made two inquiries regarding certain provisions contained in TRW's proposal. On January 15, 1985, the attorneys for both parties engaged in a telephone conversation during which TRW's attorney addressed the two questions posed by the appellant. In a letter to the appellant dated January 17, 1985, TRW stated that it had submitted the proposed settlement agreement to TRW officials for final approval, and would forward the final draft to the appellant "shortly."
 
 
 5
 A few days thereafter, TRW officials notified its attorneys that the proposed settlement agreement was not acceptable to TRW, who, in turn, telephonically communicated to the appellant TRW's revocation of the proposal on February 8, 1985. The appellant's response to the revocation surfaced six months later when he filed his motion to reduce the purported settlement agreement to a judgment on August 14, 1985.
 
 
 6
 On September 11, 1985, TRW filed its memorandum in opposition to the appellant's motion to reduce the settlement to a judgment and its motion to dismiss the appellant's action for failure to prosecute.
 
 
 7
 The appellant's motion was heard on September 12, 1985. TRW argued that the motion to enter judgment on the settlement should be denied because no settlement agreement had been consummated. The district court agreed, and accordingly denied the appellant's motion on September 23, 1985.
 
 
 8
 On October 31, 1985, the district court filed its memorandum and order granting TRW's motion to dismiss with prejudice the appellant's action for failure to prosecute. The district court determined that the appellant had pursued a course of dilatory conduct throughout the entire fourteen months of settlement negotiations, highlighted by an additional six month delay in notifying the district court of the impasse in resolving the controversy without further court intervention. The district court reasoned that dismissal pursuant to Rule 41(b)[1] was proper because: (1) the protracted delays by the appellant extending over 20 months were "inexcusable"; and (2) the unreasonable delays prejudiced the defendant's ability to present an adequate defense.
 
 
 9
 The appellant timely filed his notice of appeal on December 2, 1985. The standard for review of the district court's dismissal of the case is whether the district court abused its discretion. Link v. Wabash Railroad Co., 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). "The authority of a federal trial court to dismiss a plaintiff's action because of his failure to prosecute cannot seriously be doubted." Id. at 629, 82 S.Ct. at 1388 (footnote omitted). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Id.
 
 
 10
 Predicated upon the foregoing factual history of the case at bar and applicable legal precedent, this court concludes that the district court did not abuse its discretion in its dismissal of the appellant's action as a result of his inexcusable delay in prosecuting his case. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 11
 RYAN, Circuit Judge; concurring in part, dissenting in part.
 
 
 12
 In my judgment, this case ended with the trial court's entry of its December 22, 1983, order dismissing the case, without prejudice. That order stated:
 
 
 13
 "The Court has been advised by counsel that this action has been settled, or is in the process of being settled. Therefore, it is not necessary that the action remain upon the calendar of the Court.
 
 
 14
 "IT IS ORDERED that this action is hereby dismissed, without prejudice. The Court retains complete jurisdiction to vacate this order and to reopen the action upon cause shown that settlement has not been completed and further litigation is necessary."
 
 
 15
 Since the defendant's answer had been filed, the dismissal was necessarily pursuant to Fed.R.Civ.P. 41(a)(2). The rule provides that a dismissal thereunder may be ordered "upon such terms and conditions as the court deems proper." It is debatable, at the very least, whether the trial court's recitation that it retained "jurisdiction to reopen the action upon cause shown that settlement has not been completed and further litigation is necessary" is an appropriate term or condition of dismissal under Rule 41(a)(2). I have located no case imposing nonmonetary conditions upon such a dismissal, although at least one court is apparently of the view that nonmonetary conditions may be imposed consonant with Rule 41(a)(2). McCall-Bey v. Franzen, 777 F.2d 1178 (7th Cir.1985). Even if the practice were commonplace, however, it is not one that is conducive to the efficient administration of justice.
 
 
 16
 What is more important in the case before us, however, is that even if the validity of the court's retention of jurisdiction to "vacate this order and to reopen the action" as a term or condition of dismissal under Rule 41(a)(2) be assumed, it is nevertheless clear that the trial court never entered an order vacating its December 22, 1983 dismissal. Consequently, from that day forward, this litigation was not before the trial court and it had no jurisdiction to enter its orders of September 23, 1985, denying the plaintiff's motion to reduce a settlement to judgment, and the October 31, 1985, order dismissing the action with prejudice.
 
 
 17
 A civil action before the district court cannot be dismissed and not dismissed at the same time. A dismissal even without prejudice under Rule 41(a)(2) "leaves the situation the same as if the suit had never been brought in the first place." Humphreys v. United States, 272 F.2d 411, 412 (9th Cir.1959).
 
 
 18
 For the foregoing reasons, I concur in the result reached by the Court today, but disagree with its reasoning.
 
 
 
 [1]
 Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:
 (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.
 * * *
 Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.