**MILIAMA PASESA, individually and as next friend of SERINA PASESA, Plaintiff**

**v.**

**TUILUA T. LAUMATIA, Defendant**

High Court of American Samoa
Trial Division

CA No. 67-93

January 18, 1995

Before KRUSE, Chief Justice, BETHAM, Associate Judge, and MAILO, Temporary Associate Judge.

Counsel:     For Plaintiff, Cheryl Crenwelge, Dennison & Ashley
                  For Defendant, Albert Mailo

Order Granting Motion to Dismiss:

## INTRODUCTION

On June 23, 1994, Serina Pasesa ("Serina"), a minor, filed this action, by and through her Guardian Ad Litem, Miliama Pasesa ("Miliama"), naming Tuilua T. Laumatia ("Laumatia") as defendant, and seeking money damages for physical injuries suffered on February 9, 1990, as the result of a car accident involving Laumatia.[1]

---

[1]   Miliama and Serina previously brought an action in this court, docketed CA No. 102-90, against Laumatia, Laau Liufai, and Insurance

On December 6, 1994, Laumatia filed a motion to dismiss this action on the grounds that it is barred by the statute of limitations pursuant to A.S.C.A. § 43.0120(2). In response, plaintiff filed a memorandum in opposition to motion to dismiss on December 16, 1994.

On January 12, 1995, the hearing came regularly before the court and both parties were represented by counsel.

## DISCUSSION

A.S.C.A. § 43.0120(2) is the statute of limitations applicable to this action. A.S.C.A. § 43.0120(2) provides in relevant part that "actions founded on injuries to the person . . . whether based on contract or tort, or for a statutory penalty, [must be brought] within two years [after their causes accrue]." Although this action was filed on June 23, 1993, over three years after the accident, plaintiffs assert that it is not barred by A.S.C.A. § 43.0120(2) because Serina is a minor and her suit is governed by A.S.C.A. § 43.0126. As an exception to A.S.C.A. § 43.0120, A.S.C.A. § 43.0126 states that "[m]inors and insane persons shall have one year from after the termination of such disability within which to commence any action regardless of any otherwise applicable limitations period."

▮ Plaintiff further asserts that since Miliama was appointed Guardian Ad Litem the same day this action was filed, that this action is not barred by the one-year statute of limitations stated in A.S.C.A. § 43.0126. Although § 43.0126 is applicable,[2] it does not aid plaintiff in this case. The one-year statute of limitations in A.S.C.A. § 43.0126 begins to accrue

---

Company of the Pacific, Inc., seeking damages resulting out of the same accident at issue before us now. On February 18, 1993, this court approved a settlement in CA No. 102-90 and dismissed the action as to Laau Liufai, the owner of the vehicle Laumatia was driving at the time of the accident, and Insurance Company of the Pacific, Inc., the insurer of the vehicle. On June 4, 1993, the court approved the stipulation of the parties as to the dismissal of the action as to Laumatia without prejudice.

[2] This court has held that no conflict exists between A.S.C.A. §§ 43.0120 and 43.0126, since A.S.C.A § 43.0126 clearly makes an exception to any statute of limitations and establishes a one-year statute of limitations. *Lutu v. American Samoa Government*, 7 A.S.R.2d 61, 63 (1988).

89

on the date on which a Guardian Ad Litem is appointed, because the minor's inability to bring suit is terminated at that juncture. *Lutu v. American Samoa Government*, 7 A.S.R.2d 61, 63 (1988). Since Miliama was originally appointed Guardian Ad Litem on November 16, 1990, plaintiffs only had until November 16, 1991 to bring this action. The order appointing Miliama as a Guardian Ad Litem, signed on June 23, 1993, does not allow Miliama to extend the statute of limitations defined in A.S.C.A. § 43.0126, especially when the earlier action, CA No. 102-90, was also brought on behalf of Serina against Laumatia and claimed the same damages from the same accident as in this matter. Although the earlier action against Laumatia was dismissed without prejudice, plaintiffs are still required to bring an action again within the statute of limitations defined by statute.

A suit dismissed without prejudice leaves the situation the same as if the suit had never been brought in the first place. *Humphreys v. United States*, 272 F.2d 411, 412 n.1 (9th Cir. 1959). The *Humphreys* court further commented on the effect upon the statute of limitations of a dismissal without prejudice in stating:

> In the absence of statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him and if, before he commences a new action after having become nonsuited or having had his action abated or dismissed, the limitation runs, the right to a new action is barred.

*Id.* at 412 (citing 34 AM. JUR. *Limitation of Actions* § 281, now appearing in 51 AM. JUR. 2d *Limitation of Actions* § 311 (1970)).

Miliama filed this action on June 23, 1993, more than a year after she was originally appointed Guardian Ad Litem, and is therefore barred by A.S.C.A. § 43.0126. For these reasons we grant defendant's motion to dismiss with prejudice.

It is so ordered.