116 T.C. No. 21


UNITED STATES TAX COURT


MICHAEL VETRANO AND PATRICIA VETRANO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 8996-97.                    Filed April 25, 2001.


     In the petition, petitioners alleged that
wife, W, was entitled to relief from joint and
several liability under former sec. 6013(e),
I.R.C., with respect to their joint return for
1993.  After trial, sec. 6015, I.R.C., was
enacted into law and former sec. 6013(e), I.R.C.,
was repealed.  W elected relief under subsections
(b) and (c) of sec. 6015, I.R.C., in petitioners'
posttrial brief.  Thereafter, the Court issued
its first opinion which decided all of the other
issues in the case but reserved W's qualification
for relief from joint and several liability in
order to give W an opportunity to make a record
to support her elections under subsections (b)
and (c) of sec. 6015, I.R.C.  Subsequently, W
requested leave to withdraw, without prejudice,
her elections for relief under sec. 6015(b) and

     [*]This opinion supplements our opinion in <u>Vetrano v.
Commissioner</u>, T.C. Memo. 2000-128.

(c), I.R.C., and chose not to present any additional evidence regarding those issues. R contends that W should not be permitted to withdraw, without prejudice, her elections under sec. 6015(b) and (c), I.R.C., and that W is not entitled to relief under either of those provisions.

   1. Held: W's request to withdraw, without prejudice, the issue of her qualification for relief under subsections (b) and (c) of sec. 6015, I.R.C., is denied. W placed those matters in issue in this case. Sec. 6015(g)(2), I.R.C., prescribes the res judicata effect that a final decision in this case will have with respect to a later election by W under sec. 6015, I.R.C., and precludes granting W's request to withdraw her elections without prejudice.

   2. Held, further, W does not qualify for relief under subsection (b) of sec. 6015, I.R.C., nor has she shown that she meets the requirements of sec. 6015(c)(3)(A)(i), I.R.C., in order to be entitled to elect relief under sec. 6015(c), I.R.C.

John R. Crayton, for petitioners.

Keith L. Gorman and John E. Becker, Jr., for respondent.

SUPPLEMENTAL OPINION

WHALEN, Judge: Our Memorandum Findings of Fact and Opinion of this case was issued as T.C. Memo. 2000-128 on April 10, 2000 (Vetrano I). In that opinion, we found that Mr. Vetrano had earned unreported net income in 1991, 1992, and 1993, from his business of dealing in used automobile parts, consisting primarily of payments from a company referred to as BMAP, that he is subject to self-employment tax on the unreported net income of his used

automobile parts business, that the returns at issue are subject to the fraud penalty under section 6663, and that some part of the underpayment for 1993 is due to the fraud of Mrs. Vetrano. We also sustained respondent's determination that petitioners had received unreported payments from four entities during the years in issue, including a payment of $1,035 from Camden City Probation in 1993.

In Vetrano I, we did not consider Mrs. Vetrano's claim for relief from joint and several liability under former section 6013(e) and section 6015 of the Internal Revenue Code. We reserved those issues in order to give Mrs. Vetrano an opportunity to make a record to support her claim of eligibility for relief under section 6015, in view of the fact that section 6015 was enacted after the trial of this case. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(a), 112 Stat. 734 (hereinafter the Act is referred to as RRA 1998). Unless stated otherwise in this opinion, all section references, other than references to section 6015, are references to the Internal Revenue Code as in effect during 1993.

We must now decide three issues in order to complete our opinion in this case. The first issue is whether to

grant Mrs. Vetrano's request to withdraw from the case, without prejudice, the issue of Mrs. Vetrano's eligibility for relief from joint and several liability under former section 6013(e) and section 6015.  The second issue is whether Mrs. Vetrano is eligible for relief under section 6015(b), and the third issue is whether Mrs. Vetrano is eligible for relief under section 6015(c), as of the date of her election or as of some later date.

## Background

Petitioners in this case make the following allegation:  "For the tax year 1993 Mrs. Vetrano asserts the protection afforded to her * * * under the provisions of 26 U.S.C. §6013(e)."  Respondent denied that allegation in the answer.  Sometime later, respondent served a request for admissions on petitioners.  Included in that request is the following specification:  "Petitioner-wife is not entitled to * * * [such] relief."  Petitioners denied that specification in their response.  The case proceeded to trial on the basis of those pleadings.

In petitioners' posttrial brief, petitioners argued in detail that "Mrs. Vetrano qualifies for * * * relief under 26 U.S.C. §6013(e)".  In addition, Mrs. Vetrano elected and asserted that she is entitled to relief from joint and

several liability under section 6015 with respect to petitioners' 1993 return.

In reply, respondent construed Mrs. Vetrano's posttrial brief as an election for relief under both subsections (b) and (c) of section 6015. As to relief under section 6015(b), respondent noted that petitioners bear the burden of proving that Mrs. Vetrano did not know, and had no reason to know of the payments by BMAP to her husband, and respondent argued that the record contains ample evidence to prove that Mrs. Vetrano knew of her husband's unreported income from BMAP. Respondent also argued that it would not be inequitable to hold Mrs. Vetrano liable for the deficiency in tax for 1993. Accordingly, respondent "determined that Mrs. Vetrano is not eligible to elect application of §6015(b) and therefore denies her claim to limit her liability under that section."

As to relief under section 6015(c), respondent noted that petitioners had not shown that Mrs. Vetrano met a threshold requirement for eligibility, set forth in section 6015(c)(3)(A)(i), to elect section 6015(c) relief. Respondent's brief states as follows:

> Mrs. Vetrano made her election on page 12 of petitioners' brief. A copy of the divorce petition filed on August 7, 1998 was attached

> to that brief.  The brief also contains a statement that under I.R.C. §6015(c)(3)(A)(i)(I), Mrs. Vetrano is "legally separated from" Mr. Vetrano.
>
> *       *       *       *       *       *       *
>
> Petitioner based her eligibility upon being legally separated from Michael Vetrano. §6015(c)(3)(A)(i)(I).  However, the mere filing of a divorce petition does not constitute legal separation.  See Morrison v. Morrison, 122 N.J. Super. 277, 300 [sic]; 290 [sic] A.2d 741 [sic] (Ch. 1972).  Nor has she supplied any evidence to support the statement in the brief that she was so legally separated.  For that reason, she was not eligible to make the election.

Respondent also argued that Mrs. Vetrano is not eligible to elect relief under section 6015(c) because Mr. Vetrano transferred assets to her as part of a fraudulent scheme to avoid tax and, pursuant to section 6015(c)(3)(A)(ii), an election under section 6015(c) by either of them is invalid.  Respondent raised other issues to defeat or to limit relief under section 6015(c), including the contention that Mrs. Vetrano had actual knowledge of the items giving rise to the deficiency with the result that her election under section 6015(c) does not apply to any part of the deficiency, see sec. 6015(c)(3)(C), the contention that her share of the deficiency must be increased by the value of any "disqualified asset" that was transferred to her, sec. 6015(c)(4)(A), and the contention that under section 6015(d)(3)(C) "all of the unreported

items giving rise to the tax deficiency should be allocated to her since she actively participated in the fraud."

Following release of Vetrano I, the Court issued an order directing the parties to advise the Court of the action necessary to decide the issue of Mrs. Vetrano's relief from joint and several liability with respect to petitioners' joint return for 1993. Through her attorney, Mrs. Patricia Vetrano filed a response asking the Court "to withdraw, without prejudice, her request that the Tax Court rule whether or not she is entitled to * * * [such] relief."

In response to the Court's order, respondent asked the Court not to permit Mrs. Vetrano to withdraw the issue from the case without prejudice. According to respondent, Mrs. Vetrano "cannot withdraw her * * * claim because the Internal Revenue Service has already made a determination that her claim is denied." Respondent also asked the Court to deny Mrs. Vetrano's claim for relief under section 6015(b) principally on the ground that there is sufficient evidence in the record to show that at the time she signed the return for 1993, she knew of each income item giving rise to the deficiency for that year.

In discussing section 6015(c), respondent repeated the argument made in respondent's reply brief that Mrs. Vetrano

had not established her eligibility to elect relief under section 6015(c) because she had not established either that she was no longer married to, or was legally separated from, Mr. Vetrano at the time she elected under section 6015(c), nor had she established that she was not a member of the same household at any time during the 12-month period ending on the date she made her election under section 6015(c). See sec. 6015(c)(3)(A)(i). Respondent also repeated the arguments that Mrs. Vetrano's election under section 6015(c) does not apply to any part of the deficiency because Mrs. Vetrano had actual knowledge of all of the items giving rise to the deficiency, see sec. 6015(c)(3)(C), that her share of the deficiency should be increased by the value of certain "disqualified assets" that Mr. Vetrano transferred to her, sec. 6015(c)(4)(A), and that Mrs. Vetrano should remain jointly and severally liable for the deficiency at issue because of her fraud, see sec. 6015(d)(3)(C). Respondent did not repeat the argument that Mrs. Vetrano is ineligible to elect relief under section 6015(c) because assets were transferred to her by her husband as part of a fraudulent scheme. See sec. 6015(c)(3)(A)(ii).

Thereafter, the Court issued an order giving the parties 30 days in which to request further trial in this

case with respect to Mrs. Vetrano's eligibility for relief under section 6015. In that order, the Court noted that if further trial were not held, pursuant to the request of the parties, then the case would remain submitted on the basis of the existing record. Petitioners filed no report in response to the Court's order and, thus, did not request further trial.

Respondent's response to the Court's order "requests that further trial be held as to Patricia Vetrano's qualification to claim relief under §6015(c), the value of assets transferred to her under §6015(c)(4), and any other facts the Court may need to make a decision on the merits." Respondent also makes the following concession:

> In addition, respondent now understands that petitioners were divorced on February 2, 1999 and, to save time, respondent would now concede that she is now divorced and she is entitled to make a claim under I.R.C. §6015(c)(3)(A)(i).

## Discussion

At the outset, we note that former section 6013(e) was stricken from the Internal Revenue Code upon the passage of section 6015. See RRA 1998 sec. 3201(e)(1), 112 Stat. 740. This change applies to any tax liability which arose after the date of enactment of RRA 1998; i.e., July 22, 1998, or any tax liability which arose before such date

but which remained unpaid as of such date.  See RRA 1998 sec. 3201(g)(1), 112 Stat. 740.  Following passage of section 6015, petitioners could no longer seek relief from joint and several liability for Mrs. Vetrano with respect to their joint return for 1993 under former section 6013(e).  See King v. Commissioner, 115 T.C. 118, 121 (2000); Butler v. Commissioner, 114 T.C. 276, 282 (2000); cf. Miller v. Commissioner, 115 T.C. 582 (2000).

As mentioned above, Mrs. Vetrano elected relief under section 6015 in petitioners' posttrial brief.  Petitioners' entire argument regarding Mrs. Vetrano's eligibility for relief under section 6015 is as follows:

> Should this Court determine that Mr. Vetrano received the income from BMAP in 1993 and that Mrs. Vetrano is not entitled to the protection afforded to her under 26 U.S.C. § 6013(e), Mrs. Vetrano hereby elects relief from the joint liability on the 1993 return under 26 U.S.C. § 6015.  A copy of that provision is attached as Exhibit "A".  Pursuant to § 6015(c)(3)(A)(i)(I), Mrs. Vetrano is "legally separated from" Mr. Vetrano.  Attached as Exhibit "B" is a copy of the divorce complaint which was filed against her husband in the Camden County Superior Court on August 7, 1998.  [Emphasis supplied.]

Petitioners did not seek to formally amend their petition to include relief under section 6015 as an issue in this case, but the parties and the Court have treated it as having been placed at issue.  In these circumstances, we

treat Mrs. Vetrano's election of relief under section 6015
as an amendment to the petition placing section 6015 at
issue in these proceedings.  Cf. Corson v. Commissioner,
114 T.C. 354, 363-364 (2000); Charlton v. Commissioner,
114 T.C. 333, 338-339 (2000).

The first issue for decision in this Supplemental
Opinion is Mrs. Vetrano's request to withdraw, without
prejudice, the issue of whether she is entitled to relief
from joint and several liability under section 6015.  By
asking to withdraw this issue "without prejudice", it is
evident that Mrs. Vetrano wants to preserve her right to
elect relief under section 6015(b) or (c) at a later time.

In considering Mrs. Vetrano's request, we note section
6015(g)(2), which provides as follows:

> Res judicata.--In the case of any election
> under subsection (b) or (c), if a decision of a
> court in any prior proceeding for the same
> taxable year has become final, such decision
> shall be conclusive except with respect to the
> qualification of the individual for relief which
> was not an issue in such proceeding.  The
> exception contained in the preceding sentence
> shall not apply if the court determines that the
> individual participated meaningfully in such
> prior proceeding.

The above provision prescribes the effect that a final
court decision for a particular taxable year will have on
a subsequent election by the taxpayer under subsection (b)

or (c) of section 6015 for the same taxable year.  By its terms, an individual cannot make an election under section 6015(b) or (c) for any taxable year that is the subject of a final court decision, unless the individual's qualification for relief under section 6015(b) or (c) was not an issue in the prior court proceeding and the individual did not participate meaningfully in the prior proceeding.  See sec. 6015(g)(2).  Stated differently, an individual who participated meaningfully in a court proceeding is precluded from electing relief under section 6015(b) or (c) for the same taxable year after the decision of the court becomes final, whether or not the individual's qualification for relief under section 6015(b) or (c) was an issue in the prior proceeding.  See sec. 6015(g)(2).

Section 6015(g)(2) was originally enacted as section 6015(e)(3)(B) by RRA 1998 sec. 3201(a), and, as mentioned above, became effective as to any liability for tax that remained unpaid as of the date of enactment of that Act, July 22, 1998.  See RRA 1998 sec. 3201(g)(1).  As originally enacted, this provision was expressly applicable only to decisions of this Court.  See former sec. 6015(e)(3)(B), as enacted by RRA 1998.  In considering technical amendments to RRA 1998, Congress wanted to make it clear that a petition for review by the Tax Court, as

provided by section 6015(e), sometimes referred to as a stand-alone proceeding, was not the exclusive procedure for review of issues involving section 6015 but was an additional avenue "by which innocent spouse relief could be considered."  See H. Conf. Rept. 106-1033, at 1023 (2000). To effectuate that intent, Congress deleted the reference to the Tax Court in the above res judicata provision so that it would apply to a final decision of any court, and Congress moved the provision from subsection (e) of section 6015, which applies only to the Tax Court, to subsection (g).  See Consolidated Appropriations Act, 2001, Pub. L. 106-554, sec. 1(a)(7), 114 Stat. 2763. (Hereinafter referred to as Consolidated Appropriations Act, 2001). This amendment to RRA 1998 became effective on December 21, 2000.  See id., sec. 313(f), 114 stat. 2763A-643.

In discussing the proper time to elect relief under section 6015, the conference report that accompanied the Consolidated Appropriations Act, 2001, states as follows:

> Congress did not intend that taxpayers be prohibited from seeking innocent spouse relief until after an assessment has been made; Congress intended the proper time to raise and have the IRS consider a claim to be at the same point where a deficiency is being considered and asserted by the IRS.  This is the least disruptive for both the taxpayer and the IRS since it allows both to focus on the innocent spouse issue while also focusing on the items that might cause a deficiency.  It also permits

> every issue, including the innocent spouse issue,
> to be resolved in single administrative and
> judicial process. The bill clarifies the
> intended time by permitting the election under
> (b) and (c) to be made at any point after a
> deficiency has been asserted by the IRS.
> [Emphasis supplied.]

H. Conf. Rept. 106-1033, at 1023 (2000). Thus, Congress expressed the view that taxpayers should be limited to a single administrative and judicial process to resolve issues under section 6015.

Before section 6015(g)(2) and its predecessor were enacted, if a court decision had become final as to a particular taxable year, the taxpayer could be barred under the doctrine of res judicata from seeking relief from joint and several liability in a later proceeding for the same taxable year. See, e.g., United States v. Bryant, 15 F.3d 756, 758 (8th Cir. 1994); United States v. Shanbaum, 10 F.3d 305, 313-314 (5th Cir. 1994); United States v. Helmick, 58 AFTR2d 86-5280, 86-1 USTC par. 9450 (M.D. Pa. 1986). See generally Commissioner v. Sunnen, 333 U.S. 591 (1948). This was true whether or not relief from joint and several liability had been an issue in the prior court proceeding. See United States v. Shanbaum, supra. Section 6015(g)(2) and its predecessor change the result that obtained under prior law by permitting an individual who had not participated meaningfully in the prior court

proceeding to elect relief under section 6015(b) or (c), as long as the individual's qualification for relief under section 6015(b) or (c) was not an issue in the prior court proceeding.

Petitioners raised Mrs. Vetrano's qualification for relief under both section 6015(b) and (c) as an issue in this proceeding.  Section 6015(g)(2) governs the effect that a final decision in this case will have on a later election by Mrs. Vetrano under section 6015(b) or (c). We have no authority to override section 6015(g)(2) or vary its terms.  Thus, we have no authority to grant Mrs. Vetrano's request for leave to withdraw her election under section 6015 as an issue in this case "without prejudice".  Accordingly, we consider Mrs. Vetrano's election of relief from joint and several liability under section 6015.  Moreover, the concerns about judicial economy as expressed by Congress in the legislative history, the Consolidated Appropriations Act, 2001, quoted above, and fairness to the parties support our reaching the issue on the merits.

In making her election under section 6015, Mrs. Vetrano did not limit the election to subsection (b) or subsection (c).  We shall treat it as an election under both subsections.  The second issue in this Supplemental

Opinion is whether Mrs. Vetrano is eligible for relief under section 6015(b). Section 6015(b) is applicable to all joint filers who elect relief under that subsection and who establish that they meet the four other requirements set forth therein. The other requirements are similar to the requirements that were prescribed by former section 6013(e). See Butler v. Commissioner, 114 T.C. at 283.

One of those requirements is that the individual seeking relief under section 6015(b) establish "that in signing the return he or she did not know, and had no reason to know" that there was an understatement attributable to the erroneous items of the other spouse. Sec. 6015(b)(1)(C); see Cheshire v. Commissioner, 115 T.C. 183, 192-193 (2000). Notwithstanding the individual's knowledge or reason to know of some part of the understatement, section 6015(b)(2) permits the individual to qualify for relief as to the remainder of the understatement, if the individual establishes that in signing the return he or she did not know, and had no reason to know, the extent of the understatement. See sec. 6015(b). In that case, the individual will be relieved of liability for tax "to the extent that such liability is attributable to the portion of such understatement of which

such individual did not know and had no reason to know." Sec. 6015(b)(2).

We agree with respondent that the record of this case demonstrates that Mrs. Vetrano knew of the portion of the understatement that is attributable to the payments received from BMAP. Petitioners admitted that "petitioner-wife was aware of all the payments that BMAP made to petitioner-husband." As to the remainder of the understatement, petitioners failed to introduce any evidence to show that Mrs. Vetrano did not know and had no reason to know of the unreported payment from Camden City Probation. Therefore, we agree with respondent that Mrs. Vetrano is not eligible for relief under section 6015(b) as to any part of the understatement.

As to relief under section 6015(c), the third issue in this Supplemental Opinion, section 6015(c)(3)(A) imposes certain conditions for eligibility to elect relief under that subsection. To meet the first such condition, the taxpayer must prove that he or she is no longer married to, or is legally separated from, the person with whom the joint return was made, or must prove that he or she was not a member of the same household with such individual during the 12-month period ending on the date the election is filed. See sec. 6015(c)(3)(A)(i).

As to this first condition for electing relief under section 6015(c), petitioners' posttrial brief states as follows:

> Pursuant to §6015(c)(3)(A)(i)(I), Mrs. Vetrano is 'legally separated from' Mr. Vetrano.  Attached as exhibit 'B' is a copy of the divorce complaint which was filed against her husband in the Camden County Superior Court on August 7, 1998.

The complaint for divorce attached as exhibit B to petitioners' brief purports to have been filed in the State court 12 days before the date on which petitioners' posttrial brief was filed in this Court.  There is no evidence that Mrs. Vetrano was divorced from Mr. Vetrano or became legally separated from him during that 12-day period.  Furthermore, petitioners do not allege that Mrs. Vetrano was not a member of the same household as Mr. Vetrano during the 12-month period ending on the date of her election under section 6015(c).  In this regard, we note that, according to the complaint for divorce, Mrs. Vetrano sought a divorce on the grounds of extreme cruelty, pursuant to N.J. Stat. Ann. sec. 2A:34-2(c) (West 2000).  She did not seek divorce on the grounds of separation for a period of at least 18 or more consecutive months, a separate ground for divorce under the New Jersey

divorce statute.  See N.J. Stat. Ann. sec. 2A:34-2(d) (West 2000).

The language of section 6015(c)(3)(A)(i) makes it clear that this eligibility requirement must be met as of the date the election is filed.  Section 6015(c)(3)(A)(i)(I) states that the electing spouse must be divorced or legally separated "at the time such election is filed" and section 6015(c)(3)(A)(i)(II) states that the electing spouse must not have been a member of the same household with the nonelecting spouse "during the 12-month period ending on the date such election is filed".  If the taxpayer does not meet one of those requirements as of the date of the election, then the taxpayer is not eligible to elect relief under section 6015(c).  See sec. 6015(c)(3)(A)(i).  In that event, it would appear that the taxpayer must file a second election when he or she meets the requirements of section 6015(c)(3)(A)(i).

There is no basis in the record of this case for the statement in petitioners' posttrial brief that Mrs. Vetrano was legally separated from Mr. Vetrano at the time petitioner's posttrial brief was filed and her election under section 6015(c) was made.  Furthermore, there is no evidence to show that Mrs. Vetrano was no longer married to Mr. Vetrano on the date of her election, nor is there

evidence to show that she had not been a member of the same household as Mr. Vetrano during the 12-month period ending on the date of her election.  Therefore, we agree with respondent that, as of the date on which Mrs. Vetrano filed her election under section 6015(c):  "She was not eligible to make the election."  It is unnecessary for us to consider the other points raised in respondent's reply brief regarding Mrs. Vetrano's election under section 6015(c).

As noted above, in response to the Court's order giving the parties 30 days in which to request further trial, respondent alleges that petitioners were divorced after the date on which petitioners filed their posttrial brief, and, as of that later date, Mrs. Vetrano met the requirement of section 6015(c)(3)(A)(i)(I) and was eligible to elect under 6015(c).  Respondent argues that the Court should permit the parties to present evidence concerning the date of Mrs. Vetrano's divorce because: "Even if the initial claim could not be decided on the basis that it was premature, this new evidence would cure that problem."

We agree with respondent that if Mrs. Vetrano became eligible to elect relief under section 6015(c) after the date of the first election, then she could make a second

election under section 6015(c) and place the issue of her eligibility for relief under section 6015(c) before the Court in these proceedings. We have given her ample opportunity to do that. However, the election under section 6015(c) is Mrs. Vetrano's to make, and she has made it clear that she does not seek to make a second election. See sec. 6015(a)(2). We suspect that Mrs. Vetrano did not make a second election because there would be little to gain from a second election. In Vetrano I, we found that some part of the underpayment for 1993 was due to Mrs. Vetrano's fraud based on the fact that "she was aware of the payments received from BMAP during 1993, and she played an important part in converting the checks received from BMAP to cash." Were we to reach the merits of Mrs. Vetrano's election under section 6015(c), we, no doubt, would find her election invalid as to the payments from BMAP because she had "actual knowledge" of those payments. See sec. 6015(c)(3)(C). Having failed to make a second election during these proceedings, if Mrs. Vetrano attempts to make an election under section 6015(c) after the decision in this case becomes final, then

the effect of the Court's decision in this case will be governed by section 6015(g)(2), as discussed above.

On the basis of Vetrano I and the above discussion,

<u>Decision will be entered</u>

<u>for respondent</u>.