T.C. Memo. 2009-231

UNITED STATES TAX COURT

RICHARD A. MOLSBEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16565-07.                    Filed October 8, 2009.

Richard A. Molsbee, pro se.

<u>Miriam C. Dillard</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Petitioner seeks review of respondent's determination that petitioner is not entitled to relief pursuant to section 6015(b) and (f)[1] with respect to petitioner's joint income tax liabilities for taxable years 1993, 1994, and 1995.

_____

[1]All section references are to the Internal Revenue Code in effect at all relevant times.

We must decide: (1) Whether petitioner is precluded from raising the issue of relief from joint and several liability for the taxable years in issue by reason of the doctrine of res judicata as set forth in section 6015(g)(2) and section 1.6015-1(e), Income Tax Regs.; and (2) alternatively, if the Court finds that petitioner is not so barred, whether petitioner is entitled to relief under section 6015(b) or (f).

                    FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated. The stipulation of facts received into evidence is incorporated herein by reference, and those facts are so found.

At the time the petition was filed, petitioner resided in Florida.

During the years in issue and at all relevant times, petitioner and Brenda Molsbee (Mrs. Molsbee) were married and living together, except during the time that Mrs. Molsbee was incarcerated. Mrs. Molsbee was released from incarceration in early 2005.

Petitioner submitted for the years in issue a Form 8857, Request for Innocent Spouse Relief, that respondent received on January 13, 2004 (2004 request for relief). On April 13, 2004, respondent sent to petitioner and Mrs. Molsbee a notice of deficiency for the years in issue (notice of deficiency). On July 13, 2004, petitioner and Mrs. Molsbee filed a petition in

the Tax Court disputing the notice of deficiency, and the case was docketed at docket No. 12287-04 (the previous case).

In the previous case, petitioner and Mrs. Molsbee sought a redetermination of the deficiencies respondent determined for the years in issue. Monica Miller (Ms. Miller) represented respondent in the previous case. Neither petitioner nor Mrs. Molsbee was represented by counsel in the previous case.

On November 23, 2005, respondent filed a motion for partial summary judgment in the previous case (partial summary judgment motion). Petitioner and Mrs. Molsbee raised the issue of section 6015 relief from joint and several liability in their response to the partial summary judgment motion, stating that "Richard A. Molsbee has no knowledge of money not reported and asks the Court to declare him an innocent spouse status."

In the previous case, Ms. Miller engaged in settlement discussions with petitioner and with Mrs. Molsbee. As part of those discussions, Ms. Miller had a telephone conversation with petitioner regarding whether the facts supported petitioner's being granted relief from joint and several liability for the years in issue. Ms. Miller explained to petitioner why respondent felt that petitioner would not be entitled to relief from joint and several liability, stating that petitioner received checks from Mrs. Molsbee's companies and had substantial improvements made to his residence during the years in issue.

On December 12, 2005, Ms. Miller sent a letter to petitioner and Mrs. Molsbee, enclosing a proposed decision, a proposed stipulation of settled issues, a proposed stipulation of facts and exhibits, and three boxes of exhibits. Ms. Miller stated in the December 12, 2005, letter: "Please note that the decision concedes that Mr. Molsbee is not liable for the fraud additions." On December 20, 2005, Ms. Miller sent a letter to petitioner and Mrs. Molsbee, enclosing a proposed decision. On December 20, 2005, the Court denied respondent's motion for partial summary judgment.

Petitioner, Mrs. Molsbee, and Ms. Miller signed a stipulated decision in the previous case (decision). The decision states, in bold and underlined text, that the fraud penalties apply to Mrs. Molsbee only and that petitioner and Mrs. Molsbee are liable for the deficiencies. The Court entered the decision on January 5, 2006, and the decision was not vacated or appealed.

At the time she signed the decision, Mrs. Molsbee was aware of the possibility of section 6015 relief from joint and several liability because of her belief that her business partner's husband had been granted such relief.

On May 15, 2006, petitioner filed another Form 8857 for the years in issue (2006 request for relief). Petitioner checked the boxes indicating that he was not divorced, separated, or living

apart from Mrs. Molsbee, and he did not check the box to request "Separation of Liability".

Respondent determined that petitioner is not entitled to relief from joint and several liability under section 6015 for the years in issue and, on April 15, 2007, sent petitioner the notice of determination.

During the years in issue, petitioner and Mrs. Molsbee had $225,679 of construction work performed on their personal residence (residence). Petitioner knew that the funds for the construction work on the residence came from Mrs. Molsbee's company. The construction work resulted in the size of their residence almost tripling, from 1,800 square feet to 5,000 square feet. The residence is situated on 13 acres of land and worth approximately $625,000.

During the years in issue, petitioner performed work for Mrs. Molsbee's company, for which he was compensated. During the years in issue, Mrs. Molsbee paid petitioner's living expenses and petitioner acquired a Chevrolet truck. During 1994, petitioner acquired a new bass boat. Petitioner has a high school diploma and has a captain's license and a pilot's license. Mrs. Molsbee has an associate's degree and is licensed as a real estate broker and real estate appraiser.

During the years in issue, petitioner and Mrs. Molsbee maintained a joint checking account, from which petitioner's and

-6-

Mrs. Molsbee's living expenses were paid. Petitioner and Mrs. Molsbee both had access to the joint checking account, and Mrs. Molsbee handled the household finances.

Petitioner was raised in a household where his mother handled the finances, so he thought that Mrs. Molsbee should do so also. Petitioner continues to choose that Mrs. Molsbee handle the household finances, and she continues to do so. Petitioner has not been abused by Mrs. Molsbee.

Petitioner did not allege or submit any evidence as to personal physical or mental health problems. Petitioner performed physical labor during the years in issue. Petitioner did not submit evidence of current household income and expenses.

OPINION

Section 6015(g)(2)

We must first decide whether petitioner is precluded from raising the issue of relief from joint and several liability for the years in issue by the doctrine of res judicata as set forth in section 6015(g)(2) and section 1.6015-1(e), Income Tax Regs.

Under the judicial doctrine of res judicata, when a court of competent jurisdiction enters a final judgment on the merits of a cause of action, the parties to the action are bound by every matter that was or could have been offered and received to sustain or defeat the claim. Commissioner v. Sunnen, 333 U.S. 591, 597 (1948); see Gustafson v. Commissioner, 97 T.C. 85, 91

(1991).  The doctrine of res judicata "serves to promote judicial economy and the repose of disputes" by precluding repetitious lawsuits.  Gustafson v. Commissioner, supra at 91.  Because Federal income taxes are determined on an annual basis, each year is a separate cause of action, and res judicata is applied to bar subsequent proceedings involving the same tax year.  Commissioner v. Sunnen, supra at 597-598; Calcutt v. Commissioner, 91 T.C. 14, 21 (1988).

Section 6015(g)(2) modifies the common law doctrine of res judicata with regard to claims for relief from joint and several liability.  Section 6015(g)(2) provides:

SEC. 6015(g).  Credits and Refunds.--

\*          \*          \*          \*          \*          \*          \*

(2) Res judicata.--In the case of any election under subsection (b) or (c) or of any request for equitable relief under subsection (f), if a decision of a court in any prior proceeding for the same taxable year has become final, such decision shall be conclusive except with respect to the qualification of the individual for relief which was not an issue in such proceeding.  The exception contained in the preceding sentence shall not apply if the court determines that the individual participated meaningfully in such prior proceeding.

Under common law principles of res judicata, a taxpayer who was a party to a prior proceeding for the same taxable year would be barred from seeking relief from joint and several liability whether or not the claim had been raised as an issue in the prior proceeding.  Section 6015(g)(2) alters that result by providing:

an individual cannot make an election under section 6015(b) or (c) for any taxable year that is the subject of a final court decision, unless the individual's qualification for relief under section 6015(b) or (c) was not an issue in the prior court proceeding and the individual did not participate meaningfully in the prior proceeding. * * * [Vetrano v. Commissioner, 116 T.C. 272, 278 (2001).]

Section 1.6015-1(e), Income Tax Regs., provides the following:

(e) Res judicata and collateral estoppel.--A requesting spouse is barred from relief from joint and several liability under section 6015 by res judicata for any tax year for which a court of competent jurisdiction has rendered a final decision on the requesting spouse's tax liability if relief under section 6015 was at issue in the prior proceeding, or if the requesting spouse meaningfully participated in that proceeding and could have raised relief under section 6015. A requesting spouse has not meaningfully participated in a prior proceeding if, due to the effective date of section 6015, relief under section 6015 was not available in that proceeding. Also, any final decisions rendered by a court of competent jurisdiction regarding issues relevant to section 6015 are conclusive and the requesting spouse may be collaterally estopped from relitigating those issues.

There is no dispute that the traditional prerequisites for the application of the doctrine of res judicata are present. Petitioner was a party to the previous case in the Tax Court, which was a deficiency action that petitioner and Mrs. Molsbee brought to dispute the deficiencies respondent determined for their taxable years 1993, 1994, and 1995, the same taxable years in issue in the instant case. The Tax Court proceeding was initiated on July 13, 2004, well after the July 22, 1998, effective date of section 6015. Petitioner raised his claim for relief from joint and several liability under section 6015 as a

defense in the previous case. The decision in the previous case is final. Accordingly, the only question remaining is whether the exception to the principle of res judicata in section 6015(g)(2) applies.

Petitioner was aware of the possibility of relief from joint and several liability at least 6 months before the petition was filed in the previous case, as evidenced by the fact that during January 2004, he initially filed the 2004 request for relief. At trial, Mrs. Molsbee admitted that the issue of petitioner's eligibility for relief from joint and several liability was raised in the previous case. Also, in his reply, petitioner admits that he and Mrs. Molsbee raised the issue of relief from joint and several liability in the previous case in their response to the Commissioner's partial summary judgment motion.

Petitioner and Mrs. Molsbee, in their response to the partial summary judgment motion in the previous case, specifically requested that petitioner be granted section 6015 relief, alleging that petitioner had no knowledge of the unreported funds. Indeed, Mrs. Molsbee admitted that, at the time she signed the stipulated decision in the previous case, she was aware of the possibility of relief from joint and several liability because of her belief that her business partner's husband had been granted relief. Moreover, petitioner discussed

the issue with respondent's counsel in the previous case. While petitioner disputes that he spoke to Ms. Miller,[2] we accept Ms. Miller's testimony that petitioner engaged in settlement discussions with her. Ms. Miller testified that she explained to petitioner that he would not be entitled to relief from joint and several liability because he received checks from Mrs. Molsbee's companies and had substantial improvements made to his residence during the years in issue. Additionally, the stipulated decision in the previous case explicitly states that the fraud penalties apply to Mrs. Molsbee only and that petitioner and Mrs. Molsbee are liable for the deficiencies. We conclude on the basis of the record that section 6015 relief was raised as an issue in the previous case and that petitioner meaningfully participated in the previous case.[3]

On the basis of the foregoing, we hold that petitioner is barred under section 6015(g)(2) from raising the issue of section

---

[2]Petitioner did admit that he spoke with one female employee of respondent concerning the tax liabilities for the years in issue.

[3]This case does not present the type of special circumstances that may overcome the bar of res judicata, such as those present in the case of Trent v. Commissioner, T.C. Memo. 2002-285. In Trent, the taxpayer was precluded by an apparent misunderstanding on her part and on the part of an Appeals officer from raising her claim to relief from joint liability in the prior proceeding. Petitioner was not so precluded, and indeed, after raising the issue, entered into a stipulated decision that both he and Mrs. Molsbee are liable for the deficiencies set forth in the decision.

6015 relief.  We therefore need not reach the issue of whether petitioner qualifies for relief under section 6015(b) or (f).  We have considered all of the issues raised by the parties, and, to the extent they are not discussed herein, we conclude that they are without merit, unnecessary to reach, or moot.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.