LEONARD W. HARBIN, PETITIONER, AND BERNICE NALLS,
INTERVENOR *v*. COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 9994–07.        Filed September 26, 2011.

P filed a petition seeking relief from joint and several
liability under sec. 6015, I.R.C. R contends that P is barred,
under sec. 6015(g)(2), I.R.C., from seeking relief because P
was involved and participated in the prior deficiency pro-
ceeding. P contends that he did not participate meaningfully
in the prior deficiency proceeding. P's attorney in the prior
deficiency proceeding also represented P's former spouse in
that proceeding. P's attorney had a conflict of interest while
representing P in the prior deficiency proceeding. *Held*: P did
not participate meaningfully in the prior deficiency pro-
ceeding. P is therefore not barred under sec. 6015(g)(2), I.R.C.,
from claiming relief from joint and several liability.

*Andrew R. Roberson* and *Patty C. Liu*, for petitioner.
Bernice Nalls, pro se.
*Gorica B. Djuraskovic*, for respondent.

KROUPA, *Judge*: This case arises from a petition for relief
from joint and several liability under section 6015[1] after
respondent issued a Final Notice of Determination Con-
cerning Your Request for Relief From Joint and Several
Liability under section 6015 denying petitioner relief from
deficiencies for 1999 and 2000 (years at issue). Petitioner
argues that he is entitled to relief under section 6015 from
liability for the portions of the deficiencies for the years at
issue that are attributable to his former wife's (intervenor)
gambling activities (deficiencies at issue). We must decide
whether petitioner is barred from obtaining any relief from
liability under section 6015(g)(2) and whether petitioner is
entitled to relief from liability under section 6015(b), (c) or (f)
for the deficiencies at issue. We hold he is not barred and
further hold that he is entitled to relief under section
6015(b).

---

[1] All section references are to the Internal Revenue Code as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. We incorporate the stipulation of facts and the accompanying exhibits by this reference.

Petitioner and intervenor were married in the 1990s and divorced in 2004. Intervenor gambled at casinos and played the lottery during their marriage. Intervenor maintained calendars and diaries related to her gambling activities for the years at issue. In addition, intervenor retained some of the receipts related to her gambling activities.

Petitioner prepared and filed a joint Federal income tax return for petitioner and intervenor for each of the years at issue. He gathered documents for purposes of substantiating intervenor's gambling winnings and losses that they reported on the returns. They reported all of her $45,540 of gambling winnings for 1999 and $113,445.50 for 2000. They also reported the corresponding gambling losses of $45,540 for 1999 and $108,945.50 for 2000. Petitioner reviewed the gambling records that he understood intervenor kept, and he also discussed with intervenor her gambling winnings and losses when preparing the returns. Petitioner did not know or have reason to know at the time each return was prepared that intervenor's gambling losses were inaccurately reported.

Respondent began in 2001 an examination for the years at issue and focused primarily on whether the claimed deductions for certain rental expenses and intervenor's gambling losses were allowable. Intervenor stopped cooperating during the examination and provided the examiner with documents different from those she had provided petitioner. Respondent issued a deficiency notice to petitioner and intervenor for the years at issue.

The deficiency case was docketed at docket No. 10774–04 (prior deficiency case). Petitioner was over 60 years old and was retired at the time of the prior deficiency case. James E. Caldwell (Mr. Caldwell) represented both petitioner and intervenor in the prior deficiency case. He signed all of the filings with the exception of the petition and the amended petition. Respondent corresponded with, requested documents from and attempted to schedule meetings with Mr. Caldwell, not petitioner.

Petitioner depended on intervenor to contest the deficiencies at issue. It was intervenor who engaged in the gambling activities that gave rise to the deficiencies at issue, and she was the one with personal knowledge about the winnings and losses associated with the gambling activities. It also was intervenor who was responsible for maintaining and providing information regarding the gambling activities.

The parties executed a stipulated decision that petitioner and intervenor owed deficiencies and accuracy-related penalties for the years at issue. Neither petitioner nor intervenor requested relief under section 6015 during the prior deficiency case for either year at issue. No party to the prior deficiency case filed a notice of appeal, and the decision of the Tax Court became final on June 19, 2005. See secs. 7481(a)(1), 7483.

While the prior deficiency case was going forward, Mr. Caldwell also represented petitioner and intervenor in their contentious divorce. Mr. Caldwell represented both petitioner and intervenor in the prior deficiency case and the divorce proceeding until the divorce was finalized shortly before trial in the prior deficiency case. Petitioner's and intervenor's financial interests and interests in the allocation of liability for the deficiencies at issue were adverse in the prior deficiency case. Mr. Caldwell's joint representation of petitioner and intervenor in the prior deficiency case created a conflict of interest.

Mr. Caldwell did not explain the advantages and risks of joint representation to petitioner. Mr. Caldwell failed to disclose the conflict of interest to petitioner. He never asked petitioner to waive the conflict of interest, and petitioner never did. Mr. Caldwell proceeded with the joint representation of petitioner and intervenor despite the conflict of interest.

Respondent applied an overpayment credit for 2004 to petitioner's unpaid tax liability for 1999. Petitioner contested respondent's action. Specifically, petitioner contested that he owed the deficiencies at issue.

Petitioner requested relief under section 6015 from the deficiencies at issue. Petitioner followed numerous formalities, including submitting a Form 8857, Request for Innocent Spouse Relief. Petitioner also submitted a Form 12510, Questionnaire for Requesting Spouse, and an 18-page fac-

simile from intervenor. Petitioner was 70 years old and retired at the time he sought innocent spouse relief.

Respondent sent a preliminary determination letter proposing to deny petitioner's claim for relief under section 6015(b), (c) and (f). Petitioner filed a Form 12509, Statement of Disagreement, with an attached statement explaining why he believed he was entitled to relief. He also contacted respondent's innocent spouse call unit. Approximately 4 months later, he received a letter from respondent sustaining the preliminary determination to deny relief under section 6015(b), (c) or (f), yet the cover sheet referenced only relief sought under section 6015(b). Throughout all this correspondence between petitioner and respondent there was no mention of petitioner's claim's being barred by section 6015(g)(2) and res judicata. The deficiency examination began in 2001. Petitioner's petition under section 6015 was filed on May 7, 2007.

Respondent issued a Final Notice of Determination Concerning Your Request for Relief From Joint and Several Liability denying petitioner's request for innocent spouse relief under section 6015 for the years at issue. Petitioner had sought relief under section 6015(b), (c) and (f), yet the determination letter stated that petitioner was denied relief under section 6015(b) and did not reference subsection (c) or (f). Respondent denied petitioner relief under section 6015(b), stating petitioner knew of his wife's gambling winnings and losses.

Mr. Caldwell, petitioner's counsel at the time, prepared the petition contesting the denial of relief under section 6015(b) on May 7, 2007. Respondent informed Mr. Caldwell of his conflict of interest resulting from his representation of both petitioner and intervenor in the prior deficiency case. Mr. Caldwell had apparently never encountered such a situation and was unaware of any ethical violations or issues. Mr. Caldwell withdrew from representing petitioner.

This Court allowed petitioner leave to amend his petition to request relief under section 6015(c) and (f). Respondent had still not asserted that petitioner's claim was barred by section 6015(g)(2) and res judicata.

Respondent filed a motion for summary judgment asking that petitioner be barred by res judicata under section

6015(g)(2) because he "participated meaningfully" in the prior deficiency case. The Court denied respondent's motion.

Respondent's counsel requested additional information about the gambling losses and activities but never raised res judicata as a defense until 2 years after petitioner had requested relief under section 6015.

We held a trial in Chicago, Illinois, in March 2011 to decide whether petitioner is barred from relief.

## OPINION

Petitioner seeks to be relieved from joint liability regarding the deficiencies at issue. Petitioner participated in the prior deficiency case for the years at issue in that he prepared the tax returns for those years and started negotiating with respondent when the audit began. Petitioner hired an attorney who represented him as well as intervenor in the prior deficiency case and in their contentious divorce proceedings at the same time while their interests were adverse.

Respondent argues that res judicata bars petitioner's claim for relief under section 6015. We disagree.

We first explain how res judicata applies in joint and several liability tax cases; then we explain our holding. Res judicata requires that when a court of competent jurisdiction enters a final judgment on the merits of a cause of action, the parties to the action are bound by that decision as to all matters that were or could have been litigated and decided in the proceedings. *Commissioner v. Sunnen*, 333 U.S. 591 (1948). The doctrine serves to promote judicial economy by precluding repetitious lawsuits. *Gustafson v. Commissioner*, 97 T.C. 85, 91 (1991). Federal income taxes are determined annually with each year a separate cause of action. Res judicata is applied to bar subsequent proceedings involving the same tax year. *Commissioner v. Sunnen*, *supra* at 597–598.

Res judicata would bar a party to a prior proceeding for the same tax year from seeking relief from joint and several liability regardless of whether the claim had been raised in the prior proceeding. *Vetrano v. Commissioner*, 116 T.C. 272, 280 (2001). The common law doctrine of res judicata, however, is limited by section 6015(g)(2). Res judicata will bar a taxpayer from requesting relief from joint and several liability only if (1) such relief was an issue in the prior pro-

ceeding, or (2) the Court decides that the taxpayer participated meaningfully in the prior proceeding. Sec. 6015(g)(2); see *Deihl v. Commissioner*, 134 T.C. 156, 162 (2010); *Vetrano v. Commissioner*, *supra* at 278; sec. 1.6015–1(e), Income Tax Regs. Put more simply, a taxpayer that participated meaningfully in a prior proceeding is barred from requesting relief under section 6015 for the same taxable year after the decision of the Court has become final. See *Vetrano v. Commissioner*, *supra* at 278.

Relief from joint and several liability was not an issue in the prior deficiency case. Accordingly, petitioner will be barred under section 6015(g)(2) from requesting relief under section 6015 only if he participated meaningfully in the prior deficiency case. We now turn our attention to this issue.

The requesting spouse bears the burden of proving that he or she did not participate meaningfully in the prior proceeding. See *Diehl v. Commissioner*, *supra* at 162. "Meaningful participation" has not been defined in statutes or by the courts. See *id.* This Court has looked to the totality of the facts and circumstances to determine whether a taxpayer has participated meaningfully in a prior proceeding. See *id.* We have previously indicated that exercising exclusive control over the handling of the prior proceeding, having a high level of participation in the prior proceeding (e.g., signing court documents and participating in settlement negotiations), and having the opportunity to raise a claim for relief from joint and several liability in the prior proceeding are all probative of meaningful participation under section 6015(g)(2). See *id.*; *Thurner v. Commissioner*, 121 T.C. 43, 53 (2003); *Huynh v. Commissioner*, T.C. Memo. 2006–180, affd. 276 Fed. Appx. 634 (9th Cir. 2008).

Here, intervenor, not petitioner, effectively exercised exclusive control over the prior deficiency case as it related to the deficiencies at issue. The deficiencies at issue stemmed from intervenor's gambling activities. Consequently, intervenor was the one with personal knowledge of the winnings and losses from the gambling activities. This knowledge was critical to contesting the deficiencies at issue. It was also intervenor who maintained and provided all of the documentation relating to the gambling activities. Accordingly, petitioner depended on intervenor to contest the deficiencies at issue.

Petitioner did not have a high level of participation in the prior deficiency case. Petitioner was over 60 years old and was retired at the time of the prior deficiency case. He participated in the prior deficiency case through Mr. Caldwell's representation. Mr. Caldwell represented petitioner from the beginning of the prior deficiency case until its conclusion. Mr. Caldwell signed all of the filings with the exception of the petition and the amended petition. Respondent communicated solely with Mr. Caldwell in the development and resolution of the controversy.

Petitioner's opportunity to raise a claim for relief from joint and several liability in the prior deficiency case was obscured and obstructed by Mr. Caldwell's continued concurrent representation of petitioner and intervenor, whose interests were adverse. Petitioner and intervenor were also involved in a concurrently pending contentious divorce proceeding, and both of them were represented by Mr. Caldwell.

Mr. Caldwell's joint representation of petitioner and intervenor involved an actual conflict of interest. Petitioner had a viable claim for relief from joint and several liability under section 6015(b) with respect to the deficiencies at issue, discussed *infra*, during the prior deficiency case. Petitioner's claim was directly adverse to the interest of intervenor, who was contesting the deficiencies at issue. [2]

Mr. Caldwell never obtained informed written consent waiving the conflict of interest, as required under this Court's Rules. See Rule 24(g). Moreover, Mr. Caldwell did not disclose the conflict of interest to petitioner. Instead, he proceeded with the representation despite the conflict of interest. We believe this materially limited Mr. Caldwell's ability to represent petitioner's interest in bringing a claim for relief from joint and several liability.

Finally, petitioner was not informed of his opportunity to and consequently did not raise a claim for relief from joint and several liability in the prior deficiency case.

We find on the totality of the facts and circumstances that petitioner did not participate meaningfully in the prior deficiency case within the meaning of section 6015(g)(2). We

---

[2] Petitioner's claim for relief from joint and several liability under sec. 6015(b) was adverse to intervenor's interest in contesting the deficiencies at issue because it required him to prove that the deficiencies at issue were attributable to "erroneous items" of intervenor. See sec. 6015(b).

therefore hold that petitioner is not barred from requesting relief from joint and several liability with respect to the deficiencies at issue.

We accept petitioner's and respondent's stipulation that if petitioner's claim is not barred by section 6015(g)(2), then petitioner meets all the requirements under section 6015(b)(1)(A), (B) and (E) regarding intervenor's disallowed gambling losses. We further find for purposes of section 6015(b)(1)(C) that petitioner did not know or have reason to know that there was an understatement of tax attributable to intervenor's disallowed gambling losses at the time he signed the returns for the years at issue. The record suggests intervenor showed respondent records that she had not shown to petitioner. We find this compelling.

We need not analyze all the facts and circumstances for relief under section 6015(c) and (f) because of our holding regarding petitioner's qualification for relief under section 6015(b). We note, however, that petitioner and respondent agree that petitioner meets all the threshold conditions of Rev. Proc. 2003–61, sec. 4.03, 2003–2 C.B. 296, 298.

We have considered all arguments the parties made in reaching our holdings, and, to the extent not mentioned, we find them to be irrelevant or without merit.

To reflect the foregoing,

*Decision will be entered for petitioner.*