## LANA JOAN DAVIDSON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10606–13.          Filed April 2, 2015.

P petitioned the Court under I.R.C. sec. 6015(e)(1) to review R's final determination denying P relief from joint liability under I.R.C. sec. 6015. This type of action is known as a "stand alone" case because the only issue is whether the taxpayer is entitled to relief from joint liability. P now moves the Court to allow her to withdraw the petition and to dismiss the case. *Held*: The Court has discretion to allow P to withdraw the petition because the petition did not invoke the Court's jurisdiction to redetermine a deficiency or otherwise implicate a provision such as I.R.C. sec. 7459(d) that requires the Court to enter a decision upon the dismissal of a case. *Wagner v. Commissioner*, 118 T.C. 330 (2002), followed. *Vetrano v. Commissioner*, 116 T.C. 272 (2001), is distinguished because the petition in that case invoked the Court's jurisdiction under I.R.C. sec. 6213 to redetermine a deficiency and required that the Court enter a decision. *Held*, *further*, the Court will order the petition withdrawn and the case dismissed.

Lana Joan Davidson, pro se.
*Bradley C. Plovan*, for respondent.

### OPINION

RUWE, *Judge*: The petition in this case was filed in response to a final determination denying petitioner relief from joint and several liability under section 6015[1] (section 6015 relief). Petitioner submitted to the Internal Revenue Service (IRS) a Form 8857, Request for Innocent Spouse Relief, seeking relief from joint and several income tax liabilities for 2007 and 2008 pursuant to section 6015. On February 22, 2013, the IRS issued a final determination denying petitioner's request for section 6015 relief. Petitioner timely filed a petition in this Court in response to the final determination. At the time the petition was filed, petitioner resided in Maryland.

Section 6015(e) allows a spouse who has requested relief to petition the Commissioner's denial of relief. Such cases are

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

referred to as "stand alone" cases, in that they are independent of any deficiency proceeding. *Fernandez v. Commissioner*, 114 T.C. 324, 329 (2000).

On January 22, 2015, after respondent had filed his answer, petitioner filed a motion to dismiss, requesting that she be permitted to voluntarily withdraw her petition. Respondent does not object to the motion. Because a question has arisen as to our authority to dismiss without entering a decision, we must decide whether to grant petitioner's motion.

Historically, most cases coming before this Court have involved petitions to redetermine "deficiencies" pursuant to section 6213. Generally, a deficiency occurs when the correct tax liability exceeds that reported on the taxpayer's return. *See* sec. 6211(a). When our jurisdiction to redetermine a deficiency is invoked section 7459(d) provides:

> SEC. 7459(d). EFFECT OF DECISION DISMISSING PETITION.—If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary. An order specifying such amount shall be entered in the records of the Tax Court unless the Tax Court cannot determine such amount from the record in the proceeding, or unless the dismissal is for lack of jurisdiction.

It follows that in deficiency cases brought pursuant to section 6213 a taxpayer may not withdraw a petition in order to avoid a decision. *Estate of Ming v. Commissioner*, 62 T.C. 519 (1974).

Over the years Congress has expanded our jurisdiction over controversies that do not require us to redetermine deficiencies. One such area involves our jurisdiction to review the propriety of collection actions pursuant to sections 6330 and 6320. In *Wagner v. Commissioner*, 118 T.C. 330 (2002), we distinguished *Estate of Ming* and held that the taxpayers could withdraw their petition to challenge the propriety of a lien filed by the IRS because there was no deficiency involved and therefore section 7459(d) had no application. Because there was no Tax Court Rule that controlled, we looked to the Federal Rules of Civil Procedure (FRCP) for guidance.[2]

---

[2] Our Rule 53 provides that a "case may be dismissed for cause upon motion of a party or upon the Court's initiative." However, there is no Tax

*See* Rule 1(b), (d); *Wagner v. Commissioner*, 118 T.C. at 332–333.

FRCP 41(a) sets forth rules for the voluntary dismissal of a civil "action". [3] FRCP 41 allows a plaintiff to dismiss a civil action without a court order where the plaintiff files: (1) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment or (2) a stipulation of dismissal signed by all parties who have appeared. *See* Fed. R. Civ. P. 41(a)(1)(A). In all other instances, the rule allows a plaintiff to voluntarily dismiss a civil action only through a court order, which in turn may contain terms that the court considers proper for granting the voluntary dis-

---

Court Rule that specifically addresses a petitioner's request to dismiss by voluntarily withdrawing a petition. Rule 123(b) provides, in pertinent part: "For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner." Rule 123(d) requires that a decision entered pursuant to a dismissal on a ground other than lack of jurisdiction operates as an adjudication on the merits of the taxpayer's case.

[3] Fed. R. Civ. P. 41(a) provides in relevant part:

(a) Voluntary Dismissal.

(1) *By the Plaintiff*.

(A) *Without a Court Order*. * * * the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) *By Court Order; Effect*. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. * * * Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

*See* Black's Law Dictionary 537 (9th ed. 2009) (defining the term "dismissed without prejudice" in the context of a case to mean that the case is "removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim"); *see also id.* (defining the term "dismissal without prejudice" to mean "A dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period").

missal. *See* Fed. R. Civ. P. 41(a)(2). Dismissal of an action pursuant to FRCP 41(a)(2) is at the court's discretion. *See GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007); *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002); *see also Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947). Unless a court orders otherwise, the granting of a motion to dismiss pursuant to FRCP 41(a)(2) is without prejudice. *Settles v. Commissioner*, 138 T.C. 372, 375 (2012). A dismissal without prejudice under FRCP 41(a)(2) is generally treated as if the lawsuit had never been filed. *See Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959); *Wagner v. Commissioner*, 118 T.C. at 333–334 (and cases cited threat); *see also Dove v. CODESCO*, 569 F.2d 807, 809 n.3 (4th Cir. 1978).

In deciding whether to grant a motion to dismiss under FRCP 41(a)(2), a court must exercise its broad equitable discretion to "weigh the relevant equities and do justice between the parties in each case". *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986); *see also Wagner v. Commissioner*, 118 T.C. at 333. "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967).

In *Vetrano v. Commissioner*, 116 T.C. 272, 280 (2001), we held that the Court had no authority to grant the taxpayer's request for leave to withdraw her election under section 6015 "without prejudice". However, we think that *Vetrano* is distinguishable from the instant case.

The taxpayer in *Vetrano* invoked the Court's jurisdiction to review her claim for section 6015 relief by raising that matter as an affirmative defense in a case based on a petition for redetermination of a deficiency timely filed under section 6213. That is one of three ways in which the Court may acquire jurisdiction to review a claim for section 6015 relief. *See Van Arsdalen v. Commissioner*, 123 T.C. 135, 137–138 (2004). A second way is where a taxpayer timely requests section 6015 relief in a petition for review of a lien or levy action. *See id.* The third way is where a taxpayer timely files a "stand alone" petition requesting section 6015 relief and invokes the Court's jurisdiction under section 6015(e)(1). *See id.* In this third instance, the Commissioner must have issued a final determination denying the tax-

payer's claim for section 6015 relief or have failed to rule on the taxpayer's claim within six months of its filing. *See* sec. 6015(e)(1)(A)(i). A stand alone petition must be filed no later than the close of the 90th day after the Commissioner issued a final determination. *See* sec. 6015(e)(1)(A)(ii). In contrast with the petition filed in *Vetrano*, the petition filed in the instant case was a stand alone petition that invoked the Court's jurisdiction only under section 6015(e)(1). [4]

In *Vetrano* there was a trial after which the Court decided that the taxpayer and her husband were liable for the deficiency and for the fraud penalty but reserved judgment on whether the taxpayer was entitled to any of her requested relief from joint liability. *See Vetrano v. Commissioner*, 116 T.C. at 273–274. The Court ordered the parties to advise the Court whether any further action was required to decide that issue. *See id.* at 275. The taxpayer responded to the order by asking for permission to withdraw her request for section 6015 relief without prejudice. *See id.* at 275–276. The Court concluded that it could not grant the request because granting the motion would improperly disregard a congressional mandate set forth in section 6015(g)(2). *See id.* at 280. Section 6015(g)(2) generally provides that, with a single exception, a court's final decision as to a taxable year is conclusive with respect to an individual's later claim for section 6015 relief. The exception is that the final decision fails to be conclusive as to the later claim for relief to the extent that the later claim for relief was not an issue in the prior proceeding unless the individual participated meaningfully in the prior proceeding. [5] *Accord Harbin v. Commissioner*, 137 T.C. 93, 97–98 (2011).

---

[4] While a dismissal without prejudice in the context of Fed. R. Civ. P. 41(a) applies to a dismissal of an entire case, *Vetrano* was a deficiency case in which the taxpayer also claimed sec. 6015 relief and sought dismissal only for her claims under sec. 6015 in order to preserve her right to elect relief under sec. 6015(b) or (c) at a later time.

[5] Sec. 6015(g)(2) provides:

(2) RES JUDICATA.—In the case of any election under subsection (b) or (c) or of any request for equitable relief under subsection (f), if a decision of a court in any prior proceeding for the same taxable year has become final, such decision shall become conclusive except with respect to the qualification of the individual for relief which was not an issue in such proceeding. The exception contained in the preceding sentence shall not

Continued

The Court's holding in *Vetrano* does not apply here. The *Vetrano* taxpayers' invocation of the Court's jurisdiction to redetermine a deficiency is significantly different from petitioner's invocation of the Court's jurisdiction under section 6015(e)(1) in a stand alone petition where the only issue is whether the taxpayer is entitled to relief from a tax liability otherwise owed. Because the petition in *Vetrano* invoked our jurisdiction to redetermine a deficiency, section 7459(d) required that we enter a decision as to the deficiency. Pursuant to section 6015(g)(2), the decision as to the deficiency would have been conclusive of a section 6015 claim made in a future lawsuit. Thus, we had no authority in *Vetrano* to order that the taxpayer could withdraw her claim for section 6015 relief without prejudice.

Here, by contrast, petitioner did not file a petition to redetermine a deficiency. Petitioner invoked the Court's jurisdiction under section 6015(e)(1) to review respondent's final determination denying her section 6015 relief. That was the only issue in this "stand alone" section 6015 case. Congress has not required the Court to enter a decision upon the dismissal of a case such as this. Dismissal of this case through withdrawal of the petition has the same result as if the case was never brought. *See Humphreys v. United States*, 272 F.2d at 412; *Wagner v. Commissioner*, 118 T.C. at 333– 334; *see also Dove v. CODESCO*, 569 F.2d at 809 n.3. This also means that section 6015(g)(2) will not apply in any later case that petitioner may commence as to section 6015 relief. Section 6015(g)(2) is operative only if there is a "prior proceeding". Dismissal of this case pursuant to the principles of FRCP 41(a)(2) will serve to treat this case as never having been a "proceeding". [6]

---

apply if the court determines that the individual participated meaningfully in such prior proceeding.

[6] We note, however, that it appears petitioner will be precluded from further challenging in this Court her entitlement to sec. 6015 relief for 2007 and 2008. In this vein, it appears that petitioner would be outside of the 90-day window for filing another stand alone petition challenging the final determination. *See* sec. 6015(e)(1)(A). It also appears that petitioner will be precluded from requesting any such relief as part of a lien or levy proceeding. *See* sec. 301.6320–1(e)(2), Proced. & Admin. Regs. ("A taxpayer may raise any appropriate spousal defenses at a CDP hearing unless the Commissioner has already made a final determination as to spousal defenses in a statutory notice of deficiency or final determination letter.").

We hold that we have authority to dismiss a "stand alone" section 6015 case and, in the absence of any objection by respondent, we consider it appropriate to allow petitioner to withdraw her petition pursuant to the principles found in FRCP 41(a)(2). Accordingly, in the exercise of the Court's discretion we will grant petitioner's motion to allow her to withdraw her stand alone petition and we will dismiss the case.

In accordance with the foregoing,

> *An appropriate order of dismissal will be entered granting petitioner's motion to dismiss.*