FILED



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| E.&J. GALLO WINERY, a California corporation,<br><br>          Plaintiff-counter-defendant - Appellee,<br><br>  v.<br><br>PROXIMO SPIRITS, INC., a Delaware corporation and AGAVERA CAMICHINES, S.A. DE C.V., a Mexican corporation,<br><br>          Defendants-counter-plaintiffs - Appellants,<br><br>ECCO DOMANI USA, INC.,<br><br>          Counter-defendant - Appellee,<br><br>  V.<br><br>TEQUILA SUPREMO, S.A. DE C.V.,<br><br>          Cross-defendant - Appellee. | No. 12-15905<br><br>D.C. No. 1:10-cv-00411-LJO-JLT<br><br>MEMORANDUM[*] |

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

E.&J. GALLO WINERY, a California corporation,

               Plaintiff-counter-defendant - Appellant,

  v.

PROXIMO SPIRITS, INC., a Delaware corporation and AGAVERA CAMICHINES, S.A. DE C.V., a Mexican corporation,

               Defendants-counter-plaintiffs - Appellees,

ECCO DOMANI USA, INC.,

               Counter-defendant - Appellant,

  V.

TEQUILA SUPREMO, S.A. DE C.V.,

               Cross-defendant - Appellant.

No. 12-17117

D.C. No. 1:10-cv-00411-LJO-JLT

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted May 16, 2014
San Francisco, California

Before: SILVERMAN and GOULD, Circuit Judges, and LEMELLE, District Judge.[**]

E & J Gallo Winery, a large winemaker and distributer, recently entered the spirits market and contracted with non-party Tequila Supremo, a Mexican tequila producer, for the production and bottling of "Camarena Tequila," which Gallo planned to sell in the United States. Agavera Camichines, S.A. de C.V., holds trademark and trade dress rights for the "1800 Tequila" brand in the United States. Non-party Ex Hacienda Los Caminchines, S.A. de C.V., holds those rights in Mexico. Proximo Spirits, Inc. imports and distributes 1800 Tequila in the United States.

In February of 2010, after production and shipment of roughly one million bottles of Camarena Tequila, and on the eve of that product's launch in American markets, Agavera sent Tequila Supremo a cease-and-desist letter claiming that the Camarena bottle was "similar to the point of causing confusion" with the 1800 bottle and threatening "pertinent legal action." The following month Gallo initiated suit against Agavera and Proximo (collectively, "Appellants") alleging they made a bad faith attempt to disrupt the launch of Camarena Tequila by sending Tequila Supremo a cease-and-desist letter "through one of their Mexican affiliates" and

---

[**] The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

requested declaratory judgment under 28 U.S.C. § 2201 that Camarena Tequila's trade dress does not infringe on that of 1800 Tequila. Appellants promptly moved to dismiss for lack of subject matter jurisdiction and, after that motion was denied, asserted counterclaims for trade dress infringement and unfair competition under the Lanham Act. The district court granted Gallo's motion for summary judgment against Appellants' counterclaims and entered judgment thereon. Neither Appellant moved for summary judgment against Gallo's original declaratory relief claim and, several months after prevailing against the Appellant's counterclaims, Gallo moved to "Certify Final Judgment on Counteraction and to Dismiss Remaining Claims." After Appellants filed a statement of non-opposition in response to that motion, the court dismissed the remaining claims and certified final judgment.

In case number 12-15905, Appellants challenge (i) denial of their motion to dismiss for lack of subject matter jurisdiction; (ii) grant of summary judgment against them on the merits of their Lanham Act claims; and (iii) entry of final judgment on their counterclaims, which they claim was done in absence of jurisdiction. In case number 12-17117, Gallo appeals denial of its motion for attorneys fees under 15 U.S.C. § 1117(a). We affirm in all respects.

I.

The Declaratory Judgment Act (the "DJA") allows courts to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201. To create an "actual controversy," a plaintiff must allege facts that, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citations and quotation marks omitted). An actual controversy exists if the declaratory action "plaintiff has a real and reasonable apprehension that he will be subject [to suit]." *Societe de Conditionnement en Aluminium v. Hunter Engineering Co.*, 655 F.2d 938, 944 (9th Cir. 1981). That apprehension is considered from the plaintiff's position; the court need not identify "specific acts or intentions of the defendant that would automatically constitute a threat of litigation." *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 396 (9th Cir. 1982).

Here, jurisdictional discovery disclosed that Agavera, Hacienda, and Proximo are part of a conglomerate of companies known internally as "Grupo Cuervo" and are closely related through common management, operation, and ownership. Discovery also disclosed that Agavera's attorney-in-fact drafted the

cease-and-desist letter received by Tequila Supremo. On these and other grounds the district court found that the group "operates as a unified group of affiliated companies" and denied the motion to dismiss, holding that Gallo alleged facts showing a "substantial controversy between parties that have adverse legal interests, and that the controversy is of sufficient immediacy and reality to warrant the issuance declaratory judgment."

We review a district court's findings of fact relevant to subject matter jurisdiction under the clearly erroneous standard and its determinations of law de novo. *Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002).

In light of its findings, which are undisputed and supported by ample record evidence, the court did not err in holding that an actual controversy exists under the DJA. After significant time and investment in the Camarena brand, and on the eve of distribution, Gallo learned that its sole supplier had received a demand that all distribution of the Camarena bottle cease on the grounds that the Camarena and 1800 bottles were confusingly similar. Under such circumstances, Gallo's apprehension of suit in both Mexican and American forums was reasonable, the parties' interests were sufficiently adverse at the time of suit, and the controversy was sufficiently immediate.

## II.

Appellants also argue that the district court deprived itself of jurisdiction to enter final judgment when it granted Plaintiff's motion to voluntarily dismiss under Federal Rule of Civil Procedure 41(a)(2). This novel argument may be dismissed almost out of hand. The cases on which Appellants rely for the proposition that Rule 41(a) disposes of adjudicated counterclaims are inapposite. In *Humphreys v. United States*, 272 F.2d 411 (9th Cir. 1959), for example, we merely held that a plaintiff could not resuscitate an action voluntarily dismissed after the statute of limitations period had run. *Id.* at 411-12. In *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988), we simply stated that a plaintiff cannot unilaterally dismiss a single claim from a multi-claim complaint under Rule 41(a) rather than amend under Rule 15. *Id.* at 1392. In this instance, the court had already entered judgment on Appellants' counterclaims and received Appellants' statement of no opposition when it granted Gallo's motion to voluntarily dismiss the declaratory action. The contention that the granting of that unopposed motion somehow disposed of prior rulings on which judgment had already been entered is without merit.

III.

Appellants asserted two counterclaims for trade dress infringement: one under § 32 of the Lanham Act for infringement of registered trade dress captured in a three-dimensional drawing of an 1800 Tequila bottle and another under § 43(a) for infringement of the unregistered 1800 Tequila trade dress. Although the definition of the 1800 trade dress appeared to shift throughout the proceeding below, the trade dress at issue for each claim is the trapezoidal bottle in which 1800 Tequila is sold.

Both claims require a showing (1) of ownership of a valid mark and (2) that the alleged infringer's use of the mark is likely to cause confusion. *See*, *e.g.*, *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006)(stating the elements of § 32 claims); *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 613 (9th Cir. 1989)(stating the elements of § 43(a) claims).

Here, assuming the validity of the 1800 trade dress, we affirm because there is no genuine issue of material fact that the Camarena bottle is likely to cause confusion among purchasers. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), provides factors for deciding likelihood of confusion, although the similarity of the marks is often the "critical question." *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000). We recognize that "summary

judgment is generally disfavored in the trademark arena[,]" *Brother Records, Inc. v. Jardine*, 318 F.3d 900, 903 (9th Cir.2003) (citation omitted) *overruled on other grounds by Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc), and we are mindful that likelihood of confusion is typically a question for the jury, but we do not find any factual dispute worthy of a jury here. After reviewing the bottles and the record de novo, we conclude that the Camarena and 1800 trade dresses are so dissimilar that no reasonable juror could conclude otherwise.

IV.

In consolidated case number 12-17117, Gallo appeals the district court's denial of its motion for attorney's fees under 15 U.S.C. § 1117(a), contending that the counteraction against it was "exceptional" because Appellants had failed to present evidence supporting the distinctiveness of their trade dress, engaged in deceptive conduct, and failed to produce evidence of misrepresentation in support of their fraud claim. In denying that motion the district court emphasized that Gallo initiated the suit by seeking declaratory judgment—which entailed a belief that infringement issues were sufficiently concrete to establish actual controversy—and noted that Appellants asserted compulsory counterclaims only reluctantly, after moving to dismiss for lack of jurisdiction.

Under § 35(a) of the Lanham Act, "[t]he court in exceptional cases *may* award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) (emphasis added). "Exceptional" cases are either "groundless, unreasonable, vexatious, or pursued in bad faith." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir.2002)(emphasis, citations and quotation marks omitted). "The line distinguishing exceptional cases from non-exceptional cases is far from clear. It is especially fuzzy where the defendant prevails due to plaintiff's failure of proof." *Secalt S.A. v. Wuxi Shenxi Const. Mach. Co.*, 668 F.3d 677, 687 (9th Cir. 2012). (emphasis omitted). In any event, parties challenging a district court's denial of attorneys' fees under § 1117 face an uphill battle because, among other things, the "Senate Report expressly commends this decision to the discretion of the [trial] court." *Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1134 (9th Cir. 1986)(citations and quotation marks omitted). While failure to bring forth evidence of distinctiveness may often render a case exceptional and merit award of fees, in present circumstances it does not. Considering that Gallo initiated this action to begin with, and with due deference to the district court, we find no error.

**AFFIRMED** as to case numbers **12-17117** and **12-15905**.