**PURELY DRIVEN PRODUCTS, LLC, and John Alphonse Iavarone, Plaintiffs,**

v.

**CHILLOVINO, LLC, Cigdem Harms, and Microtex Global Manufacturing, Defendants.**

**Case No. 15–00982 CBM (ASx)**

United States District Court, C.D. California.

Signed March 22, 2016

Mark P. Wine, Glen Liu, Orrick Herrington and Sutcliffe LLP, Irvine, CA, Eileen Zary Aghnami, Orrick Herrington and Sutcliffe LLP, San Francisco, CA, for Plaintiffs.

James Juo, Fulwider Patton LLP, Los Angeles, CA, for Defendants.

## ORDER

HON. CONSUELO MARSHALL,
United States District Judge

The matter before the Court is Defendants Chillovino, LLC, Cigdem Harms, and Microtex Global Manufacturing (collectively, "Defendants'") Motion to Dismiss Under Rule 12(b)(1) (the "Motion").[1] (Dkt. No. 21.)

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs applied to register their CHILLAVINO mark with the United States Patent and Trademark Office

---

1. Defendants withdrew their Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(2) and 12(b)(7). (Dkt. Nos. 36, 38.) Therefore, the Court only analyzes the instant Motion pursuant to Rule 12(b)(1).

("USPTO") on June 5, 2015. (FAC ¶ 15.) Plaintiffs' mark was published for opposition by the USPTO on November 11, 2014, and is currently being opposed by Defendants. (*Id.*) Plaintiffs' First Amended Complaint ("FAC") seeks: (1) declaratory judgment of no trademark infringement or unfair competition; and (2) declaratory judgment of Plaintiffs' right to use and register the mark CHILLAVINO on goods listed in its federal trademark application. (Dkt. No. 12.)

## II. STATEMENT OF THE LAW

A complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) jurisdictional attack "may be facial or factual." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir.2004) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In resolving the facial attack, the Court must "assume [Plaintiff's] allegations to be true and draw all reasonable inferences in his favor." *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir.2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air,* 373 F.3d at 1039. If the moving party "convert[s] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (citation omitted). In reviewing factual attacks, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Id.* Plaintiff bears the burden of establishing federal subject matter jurisdiction. *In*

*re Wilshire Courtyard,* 729 F.3d 1279, 1284 (9th Cir.2013).

## III. DISCUSSION

### A. Evidence

■ Plaintiffs argue that Defendants' Motion should be denied because Defendants offer declarations and exhibits in support of the Motion. Alternatively, Plaintiffs request the Court to strike Defendants' declarations. The Court, however, may consider evidence beyond the pleadings in reviewing a 12(b)(1) factual attack, such as here. *Safe Air,* 373 F.3d at 1039. Accordingly, the Court denies Plaintiffs' request to strike Defendants' declarations.

### B. Subject Matter Jurisdiction

■ The Declaratory Judgment Act (the "Act") provides that "[i]n a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).[2] The phrase "case of actual controversy" refers to "cases" and "controversies" that are justiciable under Article III. *Medimmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007). To demonstrate that a case or controversy exists, a declaratory judgment plaintiff must prove that the facts alleged, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (citations omitted). The controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests," such that the dispute is "real and substantial"

---

**2.** The Declaratory Judgment Act "does not itself confer federal subject matter jurisdic-

tion." *Fid. & Cas. Co. v. Reserve Ins. Co.,* 596 F.2d 914, 916 (9th Cir.1979).

and "admi[ts] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.*[3]

The FAC alleges that an actual controversy between the parties exists based on Defendants' filing of a notice of opposition to Plaintiffs' application to register its CHILLAVINO mark with the USPTO. The parties dispute whether an opposition proceeding in the USPTO alone creates an actual case or controversy under the Act.

Plaintiffs contend that an actual case or controversy exists here, relying on *Cheseb-rough–Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 397 (9th Cir.1982) (finding a real and reasonable apprehension of suit existed where defendant sent a letter declaring its intent to file opposition proceedings, defendant did not disclaim its intent to pursue an infringement action, and defendant responded to plaintiff's declaratory relief action by filing a counterclaim for infringement); *Societe de Conditionne-ment en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 944 (9th Cir.1981) (finding a case or controversy existed where the defendant stated during a call that he would "take [a third-party] to court for . . . infringement" if he purchased plaintiff's equipment); and *Rhoades v. Avon Prods. Inc.*, 504 F.3d 1151, 1157–58 (9th Cir.2007) (finding a reasonable apprehension of suit existed where there was evidence that defense counsel wrote a letter threatening an infringement suit, and the complaint alleged that defendant's lawyer: (1) specifically threatened a trademark infringement suit at a meeting; (2) wrote a letter threatening "additional proceedings or litigation"; and (3) told plaintiff's counsel that defendant would not give up its right to damages). These cases are distinguishable from the circumstances before this Court.

■ Here, there is no evidence that Defendants have threatened to file or filed any infringement claims against Plaintiffs, and Defendants expressly disclaimed threatening Plaintiffs with an infringement action. (Juo Deck Ex. D (Defendants stated in the USPTO proceedings that they have not "threatened to proceed with an infringement action" against Plaintiffs.).) The Court therefore finds there is no case of actual controversy between the parties. *See Rhoades*, 504 F.3d at 1159 n. 8 (recognizing "a simple opposition proceeding in the Patent and Trademark Office *generally* will not raise a real and reasonable apprehension of [an infringement] suit"); *Monster Cable Products, Inc. v. Euroflex S.R.L.*, 642 F.Supp.2d 1001, 1011 (N.D.Cal. 2009) (dismissing declaratory relief claim under Rule 12(b)(1) where plaintiff failed to allege any facts indicating a "real and substantial" infringement dispute between the parties and conceded that it did not anticipate an infringement suit from defendants, despite the existence of registration proceedings pending before the USPTO).[4]

---

**3.** Post –*Medimmune*, the Ninth Circuit has recognized that an actual controversy exists if the declaratory action plaintiff has a real and reasonable apprehension that he will be subject to liability for infringement. *See E. & J. Gallo Winery v. Proximo Spirits, Inc.*, 583 Fed. Appx. 632, 634 (9th Cir.2014); *Rhoades v. Avon. Products, Inc.*, 504 F.3d 1151, 1157 (9th Cir.2007).

**4.** The Ninth Circuit has noted that a "case or controversy problem . . . arises when the plaintiff has not yet begun to manufacture, or make preparations to manufacture" a product, and the plaintiff in that situation "is asking the court to render an advisory opinion whether its product would be infringing" if the plaintiff "proceeds to the manufacturing stage." *Hunter Eng'g Co.*, 655 F.2d at 944. Because the Court finds there is no actual controversy between the parties, the Court does not reach the issue of whether Plaintiff has engaged in meaningful preparation of a product.

Accordingly, the Court lacks subject matter jurisdiction over Plaintiffs' declaratory judgment claims.[5]

### IV. CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

---

**5.** "District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Having found that the Court lacks subject matter jurisdiction here, the Court does not reach the issue of whether it should exercise its discretion over Plaintiff's declaratory judgment claims.